PEOPLE v POWELL

Docket No. 275846. Submitted March 5, 2008, at Detroit. Decided March 27, 2008, at 9:00 a.m.

Kelly L. Powell was convicted by a jury in the Oakland Circuit Court of second-degree home invasion. The court, Michael D. Warren, Jr., J., sentenced the defendant as a fourth-offense habitual offender to 10 to 20 years of imprisonment, to be served consecutively to the remaining portion of a prison sentence for which he had been granted parole before the home invasion. The defendant appealed.

The Court of Appeals *held*:

1. There was sufficient evidence at the trial to support the jury's finding that the defendant had broken into a dwelling. The intent of an inhabitant to use a structure as a place of abode is the primary factor in determining whether the structure constitutes a dwelling for purposes of the home-invasion statute. The owner's temporary absence, the duration of any absence, or a structure's habitability will not automatically preclude a structure from being considered a dwelling. The structure in this case, although damaged by fire at the time of the break-in, was a dwelling under the home-invasion statute because its inhabitant intended to return to it after repair of the fire damage.

2. There was sufficient evidence at the trial to support the jury's finding that the defendant intended to commit a larceny in the dwelling he broke into. That evidence showed that the defendant had removed copper pipe from the dwelling's basement.

3. The sentence imposed is not cruel or unusual punishment under the federal and state constitutions. The sentence was within the sentencing guidelines, a sentence within the guidelines is presumptively proportionate, and a proportionate sentence is not cruel or unusual punishment.

4. The defendant, in merely listing complaints about his trial counsel and not identifying the bases of his claims, failed to meet his burden of establishing ineffective assistance of counsel.

Affirmed.

1. BURGLARY — HOME INVASION — DWELLINGS.

> The intent of an inhabitant to use a structure as a place of abode is the primary factor in determining whether the structure constitutes a dwelling for purposes of the home-invasion statute (MCL 750.110a).

2. SENTENCES — CRUEL OR UNUSUAL PUNISHMENT — SENTENCING GUIDELINES.

> A sentence that is within the sentencing guidelines is presumptively proportionate, and a proportionate sentence is not cruel or unusual punishment (US Const, Am VIII; Const 1963, art 1, § 16).

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, *David G. Gorcyca*, Prosecuting Attorney, *Joyce F. Todd*, Chief, Appellate Division, and *John S. Pallas*, Assistant Prosecuting Attorney, for the people.

*Michael J. McCarthy, P.C.* (by *Michael J. McCarthy*), and Kelly L. Powell *in propria persona*.

Before: METER, P.J., and SAWYER and WILDER, JJ.

PER CURIAM. Defendant was convicted by a jury of second-degree home invasion, MCL 750.110a(3). He was sentenced as an habitual offender, fourth offense, MCL 769.12, to a prison term of 10 to 20 years. Because defendant was on parole when he committed the offense, the sentence was ordered to be served consecutively to the remaining portion of defendant's prior sentence, and no credit for time served was awarded. Defendant appeals as of right. We affirm.

Defendant argues that he was improperly convicted of home invasion because the evidence failed to show that the home that he broke into was a "dwelling," and he further argues that there was insufficient evidence that he broke into the home with the intent to commit a larceny.

In analyzing these sufficiency claims, this Court must review "the evidence in the light most favorable to the prosecution to determine whether a rational trier of fact could have found that the essential elements of the crime were proved beyond a reasonable doubt." *People v Oliver*, 242 Mich App 92, 94-95; 617 NW2d 721 (2000).[1] The standard of review is deferential and this Court "is required to draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000). Questions of statutory interpretation are reviewed de novo. *Oliver, supra* at 95.

MCL 750.110a(3) states:

> A person who breaks and enters a dwelling with intent to commit a felony, larceny, or assault in the dwelling, a person who enters a dwelling without permission with intent to commit a felony, larceny, or assault in the dwelling, or a person who breaks and enters a dwelling or enters a dwelling without permission and, at any time while he or she is entering, present in, or exiting the dwelling, commits a felony, larceny, or assault is guilty of home invasion in the second degree.

Defendant argues that the house that he broke into was not a "dwelling" because it had been damaged by fire, had been condemned, and was not habitable at the time of the offense. We disagree.

The home-invasion statute defines a "dwelling" as "a structure or shelter that is used permanently or temporarily as a place of abode, including an appurtenant structure attached to that structure or shelter." MCL

---

[1] Defendant's first sufficiency argument is couched in terms of the trial court's having denied his motion for a directed verdict. The same review process from *Oliver* is applicable, although we only consider the evidence presented by the prosecution up to the time the motion was made. See *People v Gould*, 225 Mich App 79; 86; 570 NW2d 140 (1997).

750.110a(1)(a). The fact that the structure here was temporarily vacant because it had been damaged by fire did not preclude it from being a dwelling. In *People v Traylor*, 100 Mich App 248; 298 NW2d 719 (1980), this Court addressed a similar issue in the context of the prior version of the breaking-and-entering statute, former MCL 750.110 (which set forth a distinction between an "unoccupied dwelling house" and an "occupied dwelling house"), explaining:

> Any dwelling house habitually used as a place of abode, whether or not an occupant is physically present at the time of the breaking and entering, is an occupied dwelling within the meaning of the statute under which defendant was convicted. When an inhabitant intends to remain in a dwelling as his residence, and has left it for a temporary purpose, such absence does not change the dwelling into an unoccupied one in the eyes of the law. The intent to return following an absence controls; the duration of the absence is not material. Nor is the structure's habitability germane.
>
> In this case, we have the complainant's uncontroverted testimony that his absence from his home was a temporary one due to fire and attendant water damage, and because the water pipes had burst. We have his statement that he intended to return to his residence and did not intend to abandon it, and that he, in fact, returned but one week after the [breaking and entering]. We find this evidence sufficient to satisfy us beyond a reasonable doubt that the dwelling was occupied, as that term is used in [former] MCL 750.110. Accordingly, the trial judge's refusal to grant defendant's motion for a directed verdict was proper. [*Traylor, supra* at 252-253 (citations omitted).]

In light of the definition of a dwelling in MCL 750.110a(1)(a) and in light of the guidance derived from this Court's decision in *Traylor*, we conclude that the intent of the inhabitant to use a structure as a place of abode is the primary factor in determining whether it constitutes a dwelling for purposes of MCL 750.110a(3).

The owner's temporary absence, the duration of any absence, or a structure's habitability will not automatically preclude a structure from being considered a dwelling for purposes of the home-invasion statute.

In this case, the owner testified that the house was his residence, that some of his possessions were still in the house after the fire, and that he always intended to move back into the house after the fire damage was repaired. The repairs had been completed and the owner was living in the house at the time of trial. Because this evidence was sufficient to allow a rational trier of fact to find beyond a reasonable doubt that defendant entered a dwelling within the meaning of the home-invasion statute, the trial court did not err in denying defendant's motion for a directed verdict with respect to this issue.

We also disagree with defendant's argument that the evidence was insufficient to show that he entered the house with the intent to commit a larceny. Defendant told the police that he was "removing the scrap from the house." When the police arrived, they heard a clanking sound inside the house, like the sound of a metal pipe falling on concrete. The only concrete in the house was in the basement, where copper piping from the walls and ceiling had been ripped out. Piles of copper piping were discovered in the basement, at the top of the basement stairs, and on the ground by the front porch. Certain evidence—i.e., evidence that there was snow on the ground, but not on the copper piping by the porch; evidence that water was leaking from the remnants of a pipe in the basement ceiling; and evidence that there was a puddle of water on the basement floor— supported an inference that the pipes had recently been cut and removed. Viewed in the light most favorable to the prosecution, the evidence was sufficient to enable

the jury to find beyond a reasonable doubt that defendant entered the house with the intent to steal the copper piping.

Defendant next argues that his sentence is cruel and unusual under the federal and state constitutions. US Const, Am VIII; Const 1963, art 1, § 16. We disagree.

Defendant was sentenced within the sentencing guidelines range. Although MCL 769.34(10) provides that a sentence within the guidelines range must be affirmed on appeal unless the trial court erred in scoring the guidelines or relied on inaccurate information, this limitation on review is not applicable to claims of constitutional error. *People v Conley*, 270 Mich App 301, 316; 715 NW2d 377 (2006). However, a sentence within the guidelines range is presumptively proportionate, *People v Broden*, 428 Mich 343, 354-355; 408 NW2d 789 (1987), and a sentence that is proportionate is not cruel or unusual punishment, *People v Drohan*, 264 Mich App 77, 92; 689 NW2d 750 (2004).

Defendant argues that his sentence is cruel and unusual because his conviction was based on insufficient evidence. If the evidence was not legally sufficient, however, the remedy would be to vacate his conviction. In any event, as previously discussed, there was sufficient evidence to support defendant's conviction. We also reject defendant's suggestion that his sentence does not address the goal of rehabilitation. The record indicates that the trial court considered defendant's rehabilitative potential at sentencing, but found it to be poor. The court observed:

> He is a habitual fourth offender, he is 43 years of age. He was on parole at the time of this offense, he was a parole absconder at the time of this offense, he has seven prior felonies, nine misdemeanors. He has a long history of substance abuse with THC [tetrahydrocannabinol] as well

as alcohol. His prior convictions include assaultive behavior including assault with intent to do great bodily harm.

According to the presentence report, defendant's criminal history spans a period of 28 years and began when he was a juvenile. It includes several prior prison terms. It is clear from defendant's criminal history that rehabilitation is not a realistic goal. Defendant has failed to demonstrate anything about his rehabilitative potential that overcomes the presumption of proportionality. Further, the fact that defendant's sentence must be served consecutively to the remaining portion of his parole-related sentence is insufficient to overcome the presumptive proportionality of his sentence for this offense. See *People v Miles*, 454 Mich 90, 95; 559 NW2d 299 (1997). Because defendant has not overcome the presumption of proportionality, and because a proportionate sentence is not cruel or unusual, defendant has not established a constitutional violation.

Finally, in a supplemental brief, defendant asserts that defense counsel was ineffective. Because defendant did not raise this issue in a motion for a new trial or request for a *Ginther*[2] hearing, our review is limited to mistakes apparent from the existing record. *People v Williams*, 223 Mich App 409, 414; 566 NW2d 649 (1997). To establish ineffective assistance of counsel, a defendant must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment and that the deficient performance so prejudiced the defendant that it deprived him of a fair trial. *People v Hoag*, 460 Mich 1, 5-6; 594 NW2d 57 (1999). "[D]efendant must show that but for counsel's error there is a reasonable probability that the result of the proceeding would have been different *and* that the result of the proceeding was

---

[2] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

fundamentally unfair or unreliable." *People v Poole*, 218 Mich App 702, 718; 555 NW2d 485 (1996) (emphasis in *Poole*). The burden is on the defendant to establish the bases for a claim of ineffective assistance of counsel. *Hoag*, 460 Mich at 6; *People v Alderete*, 132 Mich App 351, 359; 347 NW2d 229 (1984).

On appeal, defendant merely presents a list of complaints, but does not identify the bases for his claims. He asserts that counsel failed to subject the prosecution to any meaningful adversarial challenge, but does not explain what counsel should have done differently. He asserts that counsel failed to challenge trial evidence, but does not indicate what evidence should have been challenged. He also asserts that counsel failed to file a motion to quash or request an evidentiary hearing, but does not explain why he believes a motion to quash should have been filed or would have been successful, or why an evidentiary hearing was necessary. Additionally, defendant asserts that counsel gave incorrect advice concerning the application of the sentencing guidelines, but does not indicate what advice was given.

Defendant also asserts that counsel failed to advise him of the improbability of acquittal and the benefit of a plea bargain, but the record does not disclose any discussions about a plea-bargain offer. Defendant also contends that counsel should have presented a defense based on necessity, that being defendant's homelessness, but he provides no factual citations or legal authority in support of this alleged defense.[3] See *People v Watson*, 245 Mich App 572, 587; 629 NW2d 411 (2001)

---

[3] We note that the record discloses that the jury was instructed on the lesser offense of entering a building without the owner's permission, but chose to reject that offense. Instead, the jury determined that defendant entered the house with the intent to commit larceny.

(a defendant may not merely announce a position without providing supporting authority).

Defendant has not met his burden of establishing ineffective assistance of counsel.

Affirmed.