**COURT OF APPEALS**

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ANTHONY JORDAN,

Defendant-Appellant.

UNPUBLISHED
October 23, 2014

No. 316342
Wayne Circuit Court
LC No. 12-008704-FC

Before: FITZGERALD, P.J., and WILDER and OWENS, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of two counts of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(a) (sexual penetration with person under 13 years of age). He was sentenced to consecutive terms of 25 to 75 years' imprisonment for each of the CSC-I convictions. We affirm.

Defendant first argues that there was insufficient evidence for a reasonable jury to convict him of two counts of CSC-I. Rather, defendant contends that he should have been convicted of only one count of CSC-I because he only confessed to one incident of anally penetrating the victim and the evidence supporting the other count, which he did not confess to, was weak and incredible. We disagree.

We review de novo claims of insufficient evidence. *People v Ericksen*, 288 Mich App 192, 196; 793 NW2d 120 (2010). We consider whether the evidence, taken in the light most favorable to the prosecution, could persuade a rational trier of fact that the essential elements of the crime charged were proven beyond a reasonable doubt. *Id.*

"Sexual penetration with a person under 13 years of age constitutes CSC-I irrespective of the victim's consent or experience." *People v Benton*, 294 Mich App 191, 199; 817 NW2d 599 (2011), citing MCL 750.520b(1)(a). As defined by MCL 750.520a(r), sexual penetration means "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body, but emission of semen is not required." There is no need to corroborate the testimony of a victim in a prosecution for CSC-I. MCL 750.520h.

Defendant only challenges the victim's allegation that he anally penetrated her in the bathroom, arguing that her testimony was incredible because of her young age. Defendant also

-1-

notes that he only confessed to the anal penetration that took place in the bedroom. However, the victim clearly testified that defendant anally penetrated her two separate times: once in the bathroom and once in the bedroom. The morning after the incidents, the victim told her mother that the offenses had occurred in both the bathroom and the bedroom. Further, the victim's medical examination taken the day after the offenses revealed two separate tears of her anal opening, which her doctor stated was consistent with two separate instances of penetration. Defendant does not point to any evidence that contradicts the victim's account of the incidents. Taking the evidence in the light most favorable to the prosecution, a reasonable jury could have concluded that defendant was guilty of two counts of CSC-I.

Defendant next argues that his sentences are disproportionate, and that they constitute cruel and unusual punishment. Specifically, defendant contends that because he was sentenced consecutively, his minimum term of 50 years' imprisonment is disproportionate to the offenses. Defendant also argues that his consecutive sentences constitute a de facto sentence of life without the possibility of parole, which is cruel and unusual punishment. We disagree.

Defendant objected to the prosecution's request for consecutive sentences at sentencing, arguing that they were disproportionate. Accordingly, we review this preserved error for an abuse of discretion. *People v Ryan*, 295 Mich App 388, 409; 819 NW2d 55 (2012). An abuse of discretion is present when the sentence imposed is not within the range of principled outcomes. *People v Smith*, 482 Mich 292, 300; 754 NW2d 284 (2008). Defendant, however, failed to raise the issue of cruel and unusual punishment below, and thus, our review of this unpreserved claim is for plain error. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). To avoid forfeiture under the plan error rule, defendant must demonstrate that: (1) an error occurred, (2) the error was plain, i.e., clear or obvious, and (3) the plain error affected defendant's substantial rights. *Id.*

Pursuant to MCL 750.520b(2)(b), CSC-I committed by an individual 17 years old or older against a person 13 years old or younger in punishable "by imprisonment for life or any term of years, but not less than 25 years." Further, the trial "court may order a term of imprisonment imposed under this section to be served consecutively to any term of imprisonment imposed for any other criminal offense arising from the same transaction." MCL 750.520b(3). In *Ryan*, this Court previously held that pursuant to MCL 750.520b(3), consecutive sentences may be imposed in the context of multiple CSC-I violations arising from the same transaction. *Ryan*, 295 Mich App at 408-409.

In this case, the 50-year minimum sentence that results from the consecutive sentencing is proportionate to the offenses and the offender, particularly where defendant's conduct was extremely severe in that he anally penetrated his four-year-old niece more than once. See *Ryan*, 295 Mich App at 401 n 8. Further, even the 50-year minimum sentence does not exceed the maximum punishment allowed. See *id.* The statutory minimum sentence for CSC-I is 25 years' imprisonment, with the statutory maximum sentence being life imprisonment. MCL 750.520b(2)(b). The trial court noted that it believed consecutive sentences were warranted because of the egregious nature of defendant's conduct, his violation of a position of trust as the victim's babysitter, and that he would be relatively young when initially eligible for parole if concurrent sentences were imposed. It is clear that the trial court thoughtfully considered the

offenses and the offender and decided that consecutive sentences were appropriate under the circumstances. Thus, we conclude that the trial court did not abuse its discretion.

We also reject defendant's argument that the consecutive sentences constitute cruel and unusual punishment, which is prohibited by the United States and Michigan Constitutions. US Const, Am VIII; Const 1963, art 1, § 16. Specifically, defendant argues that his sentences are cruel and unusual because his consecutive sentences mean he will serve 50 to 150 years' imprisonment, and such a sentence is "very close" to a sentence of life imprisonment without the possibility of parole. However, at the time he was sentenced, defendant was 18 years old; thus, it is possible that he could be eligible for parole when he is 68 years old. Accordingly, defendant's sentences, even when considered in the context of his consecutive sentencing, do not constitute life imprisonment without the possibility of parole. Further, we determined that defendant's sentences were proportionate, given the severity of his conduct, and a proportionate sentence does not constitute cruel or unusual punishment. *People v Powell*, 278 Mich App 318, 323; 750 NW2d 607 (2008).

Affirmed.


/s/ E. Thomas Fitzgerald
/s/ Kurtis T. Wilder
/s/ Donald S. Owens