# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JASON LEE ALEXANDER,

Defendant-Appellant.

UNPUBLISHED
April 12, 2016

No.   325903
Ingham Circuit Court
LC No.   13-001096-FH

Before:  BOONSTRA, P.J., and WILDER and METER, JJ.

PER CURIAM.

Following a jury trial, defendant was convicted of first-degree home invasion, MCL 750.110a(2), and possession of burglar's tools, MCL 750.116.  Defendant was sentenced to prison terms of 3 to 20 years for the conviction of first-degree home invasion and 18 months to 10 years for the possession-of-burglar's-tools conviction.  Defendant appeals as of right.  We affirm.

Randy Atkinson testified that he is the owner of the home at issue.  He testified that when he went to the house one day in June 2013, he noticed that the door was unlocked.  He stated that he had locked it the prior day when he was last there.  Atkinson had moved out of the house several months earlier and was in the process of getting it ready to sell.  Upon closer inspection, Atkinson noticed that there were pry marks on or near the door lock.  Upon entering the house, Atkinson noticed that there was a lit flashlight at the bottom of the basement stairs.  When he went downstairs to investigate, he saw tools on the ground near the flashlight.  Atkinson testified that he had not left a flashlight in the house and that the tools were not his.  He also discovered that copper piping was missing.

Atkinson testified that he encountered an intruder in the basement and a struggle ensued. The intruder grabbed a backpack and ran up the stairs and down the street, with Atkinson in pursuit.  Atkinson and a neighbor pursued the intruder in the neighbor's Jeep.  They were not able to capture him, but they were able to obtain his backpack, which had copper piping and more tools inside.  Atkinson identified defendant in a photographic lineup as the man who broke into his house.  His neighbor could not identify anyone at a photographic lineup, but he testified at trial that defendant was the man he and Atkinson chased.

-1-

Defendant argues that his conviction for first-degree home invasion was not supported by sufficient evidence. Our review of this argument is de novo. *People v Harverson*, 291 Mich App 171, 177; 804 NW2d 757 (2010). We are tasked with determining whether the evidence, viewed in the light most favorable to the prosecution, could persuade a rational trier of fact that the essential elements of the crime charged were proven beyond a reasonable doubt. *Id*. at 175.

The elements of first-degree home invasion are (1) the defendant broke and entered a dwelling or entered a dwelling without permission; (2) the defendant intended to commit a felony, larceny, or assault when breaking and entering or actually did commit a felony, larceny, or assault while entering, within, or exiting the dwelling; and (3) the defendant was armed with a dangerous weapon or another person was lawfully present in the dwelling while the defendant was entering, within, or exiting the dwelling. *People v Wilder*, 485 Mich 35, 43; 780 NW2d 265 (2010). Defendant's argument on appeal is that there was insufficient evidence to establish that Atkinson's house was a dwelling, as defined by MCL 750.110a. Specifically, he argues that the evidence established that the house was vacant at the time of the break-in. He asserts that it had not been merely temporarily abandoned, because Atkinson stated that he had not lived in the house for at least six months or possibly longer and that he planned on selling it.

MCL 750.110a(1)(a) defines a dwelling as "a structure or shelter that is used permanently or temporarily as a place of abode, including an appurtenant structure attached to that structure or shelter." An "abode" is "a place of residence," *Black's Law Dictionary* (10th ed), and a residence is "a building used as a home," *Merriam-Webster's Collegiate Dictionary* (11th ed). A residence does not lose its status as a "building used as a home" even though it remains vacant for a while. Indeed, although Atkinson did not intend to continue use of the house as his abode, he did intend that it be used as an abode by someone. See *People v Powell*, 278 Mich App 318, 322; 750 NW2d 607 (2008) (explaining "that the intent of the inhabitant to use a structure as a place of abode is the primary factor in determining whether it constitutes a dwelling"). He testified that he was painting the house and getting ready to sell it. In other words, he intended that the house be used as an abode by a new owner.[1] Further, that he was returning regularly to the house in order to prepare it for sale shows that it had not been abandoned.[2]

Atkinson's house was a dwelling as defined in MCL 750.110a(1)(a), and there was sufficient evidence to support defendant's first-degree home invasion conviction.

---

[1] We reject defendant's argument that the house cannot be considered a dwelling under the statute because someone other than the current owner would be the next to use it as a home. This argument does not comport with the plain language of the statute.

[2] We also note that the current version of the statute, unlike the prior version, does not distinguish between occupied versus unoccupied dwellings. *People v Powell*, 278 Mich App 318, 320-321; 750 NW2d 607 (2008); MCL 750.110a.

Affirmed.

/s/ Mark T. Boonstra
/s/ Kurtis T. Wilder
/s/ Patrick M. Meter