# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

TEVIN MICHEL CABBIL,

        Defendant-Appellant.

UNPUBLISHED
June 14, 2016

No. 326335
Wayne Circuit Court
LC No. 13-001930-FH

Before: TALBOT, C.J., and MURRAY and SERVITTO, JJ.

PER CURIAM.

Defendant appeals by delayed leave granted,[1] challenging his sentence of 80 to 120 months' imprisonment for his underlying conviction of receiving or concealing a stolen firearm, MCL 750.535b, which was imposed after defendant pleaded guilty to violating his probation. We affirm.

## I. FACTS

The police were called to a vacant home in the city of Inkster in response to shots fired. They encountered defendant near the scene. A neighbor reported that his home had been broken into and two revolvers, a green ammunition can, a watch, and cash were stolen from his home. Defendant reported that he left his cell phone in a vacant home and that there was ammunition in a green can inside. When police retrieved defendant's phone, they observed spent casings inside the home. Defendant was charged with receiving or concealing a stolen firearm, and receiving or concealing stolen property valued at less than $200, MCL 750.535(5). He pleaded guilty to those offenses and was sentenced to two years' probation pursuant to the Holmes Youthful Trainee Act (HYTA).

Defendant was later arrested for violating his probation. He agreed to plead guilty with the understanding that he would receive a prison sentence. The probation violation arose from defendant's conduct at a gas station. A video recording depicted defendant at the gas station at

---

[1] *People v Cabbil*, unpublished order of the Court of Appeals, entered April 22, 2015 (Docket No. 326335). Chief Judge Talbot voted to deny the delayed application.

approximately 11:00 a.m. brandishing a firearm. This conduct served as the basis for defendant's probation violation. However, the court also viewed a second video recording showing defendant at the same gas station at approximately 11:00 p.m. that evening. The recording showed defendant entering the store wearing the same clothing and shoes he was wearing in the morning video. Defendant engaged in a discussion with a man in a red jacket. After the man turned his back, defendant shot the man approximately eight times. The man attempted to crawl away to escape. The prosecutor agreed not to charge defendant with any offense arising from the shooting, but asked the court to consider defendant's conduct related to the shooting to determine an appropriate sentence for the probation violation. The court considered the circumstances of the shooting, defendant's characteristics, and the goals of sentencing, including the protection of the public, before imposing a sentence of 80 to 120 months' imprisonment.

## II. ISSUES ON APPEAL

Defendant argues that his sentence violates the principle of proportionality and amounts to unconstitutional cruel and unusual punishment. Although defendant was not required to take any special steps to preserve a challenge to the proportionality of his sentence, *People v Cain*, 238 Mich App 95, 129; 605 NW2d 28 (1999), his failure to raise a constitutional challenge to his sentence leaves the constitutional issue unpreserved. *People v Bowling*, 299 Mich App 552, 557; 830 NW2d 800 (2013); *People v Hogan*, 225 Mich App 431, 437-438; 571 NW2d 737 (1997). Accordingly, review of defendant's constitutional challenge is limited to plain error affecting substantial rights. *People v McCuller*, 479 Mich 672, 695; 739 NW2d 563 (2007).

The sentencing guidelines apply to a sentence imposed following revocation of probation. *People v Hendrick*, 472 Mich 555, 557; 697 NW2d 511 (2005). At the time defendant was sentenced, MCL 769.34(3) permitted a court to depart from the appropriate guidelines range if it "has a substantial and compelling reason for that departure and states on the record the reasons for departure." Acts forming the basis for the probation violation may constitute substantial and compelling reasons to depart from the sentencing guidelines. *Hendrick*, 472 Mich at 557. However, in *People v Lockridge*, 498 Mich 358, 364; 870 NW2d 502 (2015), our Supreme Court held that the legislative sentencing guidelines are unconstitutional to the extent that they require judicial fact-finding beyond facts admitted by the defendant or found by a jury to score offense variables that mandatorily increase the floor of the guidelines minimum sentence range. To remedy this constitutional infirmity, the Court rendered the guidelines advisory only. The Court further struck down the requirement that a court must articulate substantial and compelling reasons for a departure from the guidelines. *Id*. The Court held that "[a] sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness." *Id*. at 392.

In *People v Steanhouse*, 313 Mich App 1, ___; ___ NW2d ___ (2015), this Court held that the reasonableness of a departure sentence is to be reviewed by applying the principle of proportionality adopted in *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990), which requires that a sentence be proportionate to the seriousness of the circumstances surrounding the offense and the offender. This Court further held that when the trial court was unaware of and not bound by the reasonableness standard rooted in the *Milbourn* principle of proportionality at the time it sentenced the defendant, the defendant is entitled to a remand in accordance with

*United States v Crosby*, 397 F3d 103 (CA 2, 2005), as adopted in *Lockridge*, to allow the trial court to consider the defendant's sentence under the appropriate standard. *Steanhouse*, 313 Mich App at ___; slip op at 25.

The record in this case discloses that the trial court considered the appropriate proportionality standard at sentencing, and that its 80 to 120-month sentence does not violate the principle of proportionality. Accordingly, his sentence was reasonable. Defendant was originally sentenced to probation after pleading guilty to receiving or concealing stolen property valued at less than $200, and receiving or concealing a stolen firearm. At the time, he had a juvenile record for fleeing or eluding. The court was reluctant to place defendant on HYTA status for a weapons offense when he also had a prior record for fleeing or eluding, but agreed to do so as a matter of leniency. Defendant failed to comply with the terms of his probation. Despite his prior conviction for a weapons offense, defendant violated his probation by admittedly carrying a firearm inside a gas station. Moreover, evidence established that defendant later returned to the gas station and used the firearm to shoot another person. In light of the circumstances surrounding the shooting, defendant's inability to reform his conduct and learn from the leniency that was previously afforded him, and his failure to abide by the terms of his probation regarding possession of weapons, the sentence of 80 to 120 months' imprisonment does not violate the principle of proportionality.

Although the *Steanhouse* Court held that a *Crosby* remand should occur where a defendant was sentenced before the Supreme Court decided *Lockridge* and the trial court was unaware of the reasonableness standard rooted in the *Milbourn* principle of proportionality at the time of sentencing, the record discloses that the trial court applied the appropriate standard. Specifically, the court considered defendant's criminal history and the gravity of his conduct surrounding the probation violation and found that the sentence imposed was proportionate under the circumstances. In light of the trial court's application of the appropriate standard at sentencing, remand is unnecessary.

Defendant also contends that his sentence is unconstitutionally cruel and unusual. He notes that his sentence is approximately 14 times more than the original guidelines range of zero to six months, and that it exceeds what would have been the applicable guidelines range if he had been convicted of assault with intent to do great bodily harm less than murder in connection with the gas station shooting.

Cruel *or* unusual punishment is prohibited by the Michigan Constitution, Const 1963, art 1, § 16, while the United States Constitution prohibits both cruel *and* unusual punishment, US Const, Am VIII. A valid punishment pursuant to the state constitution is necessarily valid under the federal constitution. *People v Benton*, 294 Mich App 191, 204; 817 NW2d 599 (2011). "In deciding if punishment is cruel or unusual, this Court looks to the gravity of the offense and the harshness of the penalty, comparing the punishment to the penalty imposed for other crimes in this state, as well as the penalty imposed for the same crime in other states." *People v Brown*, 294 Mich App 377, 390; 811 NW2d 531 (2011).

It is presumed that a proportionate sentence is not cruel or unusual. *People v Powell*, 278 Mich App 318, 323; 750 NW2d 607 (2008). As previously indicated, defendant's sentence does not violate the principle of proportionality. Moreover, defendant's reliance on the disparity

between the original guidelines range of zero to six months and the 80 to 120-month sentence imposed is misplaced because the original guidelines range completely ignores the gravity of defendant's conduct of illegally obtaining a firearm while on probation, and then using that firearm to shoot another person. Indeed, if the other person had not survived, defendant would have faced a murder charge. Because defendant's sentence is proportionate to the seriousness of his conduct and his criminal history, it is not unconstitutionally cruel or unusual.

Affirmed.

/s/ Michael J. Talbot
/s/ Christopher M. Murray
/s/ Deborah A. Servitto