# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

RUSH WESLEY WILSON,

      Defendant-Appellant.

UNPUBLISHED
March 27, 2018

No. 336841
Wayne Circuit Court
LC No. 14-008995-01-FH

Before: K. F. KELLY, P.J., and MURPHY and RIORDAN, JJ.

PER CURIAM.

In January 2015, a jury convicted defendant of four counts of third-degree criminal sexual conduct (CSC-III), MCL 750.520d(1)(a), and two counts of fourth-degree criminal sexual conduct (CSC-IV), MCL 750.520e(1)(a). The trial court sentenced defendant as a third-offense habitual offender, MCL 769.11, to 20 to 30 years' imprisonment for each CSC-III conviction and two to four years' imprisonment for each CSC-IV conviction, to be served concurrently. In a prior appeal, this Court affirmed defendant's convictions, but ordered a *Crosby*[1] remand in accordance with *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015). *People v Wilson*, unpublished opinion per curiam of the Court of Appeals, issued June 14, 2016 (Docket No. 326139), pp 1 and 10. On remand, the trial court denied defendant's request for resentencing. Defendant again appeals, arguing that his CSC-III sentences are unreasonable and disproportionate. We affirm.

CSC-III is a Class B felony subject to the legislative sentencing guidelines. MCL 777.16y. As scored at sentencing, the guidelines recommended a minimum sentence range of 99 to 240 months, as enhanced for a third-offense habitual offender. MCL 777.63; MCL 777.21(3)(b). The trial court sentenced defendant to the far upper end of that range, imposing a sentence of 20 to 30 years for the CSC-III convictions; there was no departure. In *Lockridge*, 498 Mich at 364, which was decided after defendant was sentenced, our Supreme Court held that the sentencing guidelines are unconstitutional to the extent that they "*require* judicial fact-finding beyond facts admitted by the defendant or found by the jury to score offense variables (OVs) that *mandatorily* increase the floor of the guidelines minimum sentence range[.]" The

---

[1] *United States v Crosby*, 397 F3d 103 (CA 2, 2005).

Court remedied the constitutional violation by making the guidelines "advisory only." *Id*. at 365. The Court further held that a sentence that departs from the guidelines is to be reviewed "for reasonableness." *Id.* at 392.

In defendant's prior appeal, because the guidelines were mandatory at the time defendant was sentenced and judicially-found facts altered the guidelines range, this Court remanded the case to the trial court "to determine whether the court would have imposed a materially different sentence but for the unconstitutional constraint on the trial court's sentencing discretion[.]" *Wilson*, unpub op at 9-10. On remand, the trial court denied defendant's request for resentencing, stating that it "would NOT have imposed a materially different sentence had the guidelines been advisory." Defendant now contends that even though his CSC-III sentences are within the guidelines range, they are unreasonable and disproportionate.[2]

As noted, in *Lockridge*, 498 Mich at 392, the Supreme Court held that a sentence that departs from the guidelines range is to be reviewed "for reasonableness." In *People v Steanhouse*, 500 Mich 453, 459-460; 902 NW2d 327 (2017), the Supreme Court clarified that the reasonableness of a departure sentence is to be reviewed for an abuse of discretion, applying the principle-of-proportionality from *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990), " 'which requires the sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender.' " This Court's review of a guidelines sentence is restricted by MCL 769.34(10), which provides that "[i]f a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence."[3] As

---

[2] As an initial matter, we do not believe that the issues posed by defendant are properly before us. In the original appeal, defendant, relative to sentencing, merely requested a *Crosby* remand pursuant to *Lockridge.* He did not contend that his CSC-III sentences were disproportionate or unreasonable. The remand order only provided for the *possibility* of resentencing, directing the trial court to determine whether it would have imposed a materially different sentence in light of the now-advisory guidelines under *Lockridge.* The trial court declined to order resentencing. This ruling did not provide defendant with the opportunity, on further appellate review, to set forth arguments that had not been previously presented, but which could have been raised by defendant. Defendant is essentially exceeding the scope of the remand. That said, we shall proceed to examine defendant's arguments.

[3] We do note that MCL 769.34(10) cannot preclude constitutional appellate challenges to a sentence, e.g., an argument that a sentence constitutes cruel or unusual punishment. See *People v Powell*, 278 Mich App 318, 323; 750 NW2d 607 (2008) (MCL 769.34[10]'s limitation on review does not apply to claims of constitutional error, but a sentence within the guidelines range is presumptively proportionate, and a proportionate sentence is not cruel or unusual punishment); see also *People v Conley*, 270 Mich App 301, 316; 715 NW2d 377 (2006) ("It is axiomatic that a statutory provision, such as MCL 769.34[10], cannot authorize action in violation of the federal or state constitutions."). There is a distinction between "proportionality" as it relates to the constitutional protection against cruel or unusual punishment, with such proportionality being

this Court observed in *People v Schrauben*, 314 Mich App 181, 196 n 1; 886 NW2d 173 (2016), "*Lockridge* did not alter or diminish MCL 769.34(10)." Therefore, "[w]hen a trial court does not depart from the recommended minimum sentencing range, the minimum sentence must be affirmed unless there was an error in scoring or the trial court relied on inaccurate information." *Schrauben*, 314 Mich App at 196. Defendant does not allege a scoring error or assert that he was sentenced on the basis of inaccurate information. Because defendant was sentenced within the guidelines range and he does not claim that the trial court relied on inaccurate information or erred in scoring the guidelines, his sentences are not subject to review for reasonableness.

To the extent that defendant is arguing that his sentences are not proportionate for purposes of cruel-and/or-unusual-punishment analysis, a sentence falling within the guidelines is, as noted earlier, presumptively proportionate, "and a sentence that is proportionate is not cruel or unusual punishment." *People v Powell*, 278 Mich App 318, 323; 750 NW2d 607 (2008). A defendant can only overcome the presumption by presenting unusual circumstances that would render a presumptively proportionate sentence disproportionate. *People v Bowling*, 299 Mich App 552, 558; 830 NW2d 800 (2013). Defendant has failed to overcome the presumption or persuade us that any unusual circumstances existed, such that the 20-year minimum sentence within the guidelines range could be deemed disproportionate or cruel or unusual punishment, especially considering the seriousness of the offenses and defendant's habitual-offender status.

Affirmed.

/s/ Kirsten Frank Kelly
/s/ William B. Murphy
/s/ Michael J. Riordan

---

presumed when a sentence is within the guidelines range, and "proportionality" as it relates to reasonableness review of a sentence, which is not constitutional in nature. See *People v Bullock*, 440 Mich 15, 34 n 17; 485 NW2d 866 (1992) ("Because the similarity in terminology may create confusion, we note that the *constitutional* concept of 'proportionality' under Const 1963, art 1, § 16 [cruel or unusual punishment prohibition] is distinct from the nonconstitutional 'principle of proportionality' discussed in . . . *Milbourn*, . . . although the concepts share common roots.").