*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

SAMANTHA LYNN HUGHES,

        Defendant-Appellant.

UNPUBLISHED
July 9, 2019

No. 348991
Grand Traverse Circuit Court
LC No. 2018-013004-FH

Before: JANSEN, P.J., and MARKEY and BECKERING, JJ.

MARKEY, J. (*dissenting*).

For the reasons stated in this opinion, I strongly disagree with the majority's holding, so I dissent to both the majority's opinion and to the order it is issuing in tandem.

I fully agree with the majority's recitation of the procedural history of the case and that defendant's minimum sentence of 13 months fell within the guidelines range and did not constitute a departure under *People v Schrauben*, 314 Mich App 181, 194-195; 886 NW2d 173 (2016). Accordingly, MCL 769.34(10) is implicated, and it provides, in relevant part, that "[i]f a minimum sentence is within the appropriate guidelines sentence range, the court of appeals *shall affirm* that sentence and *shall not remand* for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence." (Emphasis added.)

Defendant does not contend that the trial court erred in scoring the sentencing guidelines, nor does she argue that she was sentenced on the basis of inaccurate information. Therefore, MCL 769.34(10), standing alone, would require this panel to affirm defendant's sentence. I recognize, however, that MCL 769.34(10) does not and cannot preclude constitutional appellate challenges to a sentence, e.g., an argument that a sentence constitutes cruel and unusual punishment. See *People v Powell*, 278 Mich App 318, 323; 750 NW2d 607 (2008) (MCL 769.34[10]'s limitation on review does not apply to claims of constitutional error); see also *People v Conley*, 270 Mich App 301, 316; 715 NW2d 377 (2006) ("It is axiomatic that a statutory provision, such as MCL 769.34[10], cannot authorize action in violation of the federal or state constitutions.").

The majority posits that defendant's sentence is not proportionate given that the court set the minimum sentence of 13 months on the basis of defendant's pregnancy due date in order to protect her unborn child.[1] A sentence within the guidelines range is presumptively proportionate. *Powell*, 278 Mich App at 323. And a defendant can only overcome the presumption by presenting unusual circumstances that would render a presumptively proportionate sentence disproportionate. *People v Bowling*, 299 Mich App 552, 558; 830 NW2d 800 (2013). The principle of proportionality requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender. *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990).

I fail to see the logic in the majority's determination that the 13-month minimum sentence imposed by the trial court violated the principle of proportionality *because of the reasons the court gave for imposing that sentence*. A sentence is either proportionate to the seriousness of the circumstances surrounding the offense and the offender or it is not. It took defendant less than three months to violate her probation, and she has 16 prior misdemeanors. A sentence of 13 to 24 months' imprisonment can hardly be called disproportionate under the circumstances. In fact, one could reasonably view the sentence as being lenient, especially considering defendant's extensive criminal history. The sentence was proportionate regardless of the reasons given by the court for imposing the sentence. And there were no unusual circumstances that rendered the presumptively proportionate sentence disproportionate.[2]

As I indicated above, a valid constitutional claim trumps the mandate in MCL 769.34(10). But on review of defendant's brief on appeal, she completely fails to develop her cursory assertion that the trial court's reason for imposing the sentence speaks to fundamental unfairness under US Const, Am XIV, and Const 1963, art 1, § 2. " 'It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position.' " *Mudge v Macomb Co*, 458 Mich 87, 105; 580 NW2d 845 (1998), quoting *Mitcham v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959). It is the appellant's responsibility to first prime the pump before the appellate well will flow. *Mudge*, 458 Mich at 105. The majority has decided to prime the pump for defendant, but it sets forth even less legal analysis and reasoning than defendant, viscerally declaring that the trial court engaged in "constitutionally impermissible

---

[1] I note that it is well-established that protection of members of society from a defendant is generally a valid consideration in imposing a sentence. *People v Snow*, 386 Mich 586, 592; 194 NW2d 314 (1972); *People v Pfaffle*, 246 Mich App 282, 294 n 18; 632 NW2d 162 (2001). Here, the trial court sought to protect defendant's unborn child from defendant.

[2] In *People v Bullock*, 440 Mich 15, 34 n 17; 485 NW2d 866 (1992), our Supreme Court explained that "[b]ecause the similarity in terminology may create confusion, we note that the constitutional concept of 'proportionality' under Const 1963, art 1, § 16 [cruel or unusual punishment prohibition] is distinct from the nonconstitutional 'principle of proportionality' discussed in . . . *Milbourn*, . . . although the concepts share common roots."

discrimination."[3]  To be clear, I am not concluding one way or the other whether the trial court acted in a constitutionally-permissible manner.

The majority favorably cites *Haynie v State*, 468 Mich 302; 664 NW2d 129 (2003), but *Haynie* concerned the Civil Rights Act (CRA), MCL 37.2101 *et seq.*, and was not of constitutional magnitude.  Moreover, the majority engages in no analysis with respect to how the CRA would apply in the context of this case.

Finally, the majority remands the case to a different judge, absent any analysis whatsoever of MCR 2.003 (disqualification of judge), directs the circuit court to immediately grant bond to defendant, and orders the immediate release of defendant from the custody of the Department of Corrections.  The majority cites no supporting court rule or statute, merely referencing *People v McCrary*, 450 Mich 890; 539 NW2d 511 (1995), which does not appear particularly relevant or explanatory.

I would affirm defendant's sentence.

/s/ Jane E. Markey

---

[3] I note that even when the state erects classifications that disadvantage a suspect class or impinges on a fundamental right, the state action can still pass constitutional muster if the action "has been precisely tailored to serve a compelling governmental interest."  *Pyler v Doe*, 457 US 202, 216-217; 102 S Ct 2382; 72 L Ed 2d 786 (1982).