*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

KYLE BRANDON RICHARDS,

        Defendant-Appellant.

UNPUBLISHED
July 23, 2019

No. 344161
Ionia Circuit Court
LC No. 2014-015993-FH

Before: SAWYER, P.J., and BORRELLO and SHAPIRO, JJ.

PER CURIAM.

A jury convicted defendant of assault of a prison employee, MCL 750.197c, after he spit on a correction officer's arm. Defendant was sentenced as a fourth-offense habitual offender, MCL 769.12, and this Court eventually vacated his departure sentence and remanded for resentencing.[1] On remand, defendant was resentenced to 46 months to 40 years' imprisonment. Defendant now appeals by leave granted. For the reasons set forth below, we affirm.

Defendant first argues that he received a sentence disproportionate to the offense and his circumstances. Defendant's minimum sentence was within his guidelines range of 12 to 48 months. We are required by MCL 769.34(10) to affirm a sentence within the guidelines range absent a scoring error or the trial court's reliance on inaccurate information. Defendant argues that MCL 769.34(10) is incompatible with the Supreme Court's decision in *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015), but this Court has concluded that "*Lockridge* did not alter or diminish MCL 769.34(10) . . . ." *People v Schrauben*, 314 Mich App 181, 182 n 1; 886 NW2d 173 (2016). Until the Supreme Court decides *Lockridge's* effect, if any, on MCL

---

[1] *People v Richards (On Remand)*, unpublished per curiam opinion of the Court of Appeals, issued February 1, 2018 (Docket No. 325192).

769.34(10),[2] we are bound by our published decision in *Schrauben*, 314 Mich App 181.  See MCR 7.215(C)(2).

Next, defendant argues that his sentence constitutes cruel and unusual punishment.  We disagree.[3]

The Michigan Constitution provides that "cruel or unusual punishment shall not be inflicted[.]"  Const 1963, art 1 § 16.[4]  This prohibition precludes "grossly disproportionate sentences."  *People v Benton*, 294 Mich App 191, 204; 817 NW2d 599 (2011).  A sentence within the guidelines range is presumptively proportionate.  See *People v Powell*, 278 Mich App 318, 323; 750 NW2d 607 (2008).  To overcome the presumption of proportionality, "a defendant must present unusual circumstances that would render the presumptively proportionate sentence disproportionate."  *People v Lee*, 243 Mich App 163, 187; 622 NW2d 71 (2000).

Defendant fails to articulate unusual circumstances that render the sentence disproportionate.  Defendant focuses on his mental health, including his diagnoses of Asperger's Syndrome and Attention Deficit Disorder.  But he has not provided any authority suggesting that these conditions make his incarceration unconstitutionally burdensome.  Nor were these concerns raised before the trial court at resentencing.  Instead, the defense recounted defendant's improvement since the first sentencing including his completion of numerous educational classes while incarcerated.  The court considered those factors and complemented defendant on his improved demeanor.  At the same time, however, the court was cognizant that defendant had several assault-related offenses both in and out of prison and a history of multiple major misconducts while in prison.  The trial court's selection of a 46-month minimum reflected a reasonable balancing of the positive factors defendant identified with the sentencing offense and his significant history of assaultive behavior.  For those reasons, defendant fails to show that his sentence constituted cruel or unusual punishment.

Affirmed.

/s/ David H. Sawyer
/s/ Stephen L. Borrello
/s/ Douglas B. Shapiro

---

[2] We note that the Supreme Court recently denied an application for leave to appeal addressing that issue.  See *People v Ames*, 501 Mich 1026 (2018); *People v Ames*, ___ Mich ___ (2019) (Docket No. 156077).

[3] Because defendant did not raise this issue before the trial court, our review is for plain error affecting substantial rights.  *People v Jackson*, 313 Mich App 409, 421; 884 NW2d 297 (2015).

[4] The Eighth Amendment to the federal constitution prohibits cruel *and* unusual punishment.  US Const, Am VIII.  "If a punishment passes muster under the state constitution, then it necessarily passes muster under the federal constitution."  *People v Benton*, 294 Mich App 191, 204; 817 NW2d 599 (2011).