*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MELISSA ANN WEST,

        Defendant-Appellant.

UNPUBLISHED
July 30, 2019

No. 342284
Macomb Circuit Court
LC No. 2017-000488-FC

---

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MELISSA ANN WEST,

        Defendant-Appellant.

No. 343853
Macomb Circuit Court
LC No. 2017-000490-FH

---

Before: TUKEL, P.J., and JANSEN and RIORDAN, JJ.

PER CURIAM.

These consolidated appeals involve defendant's sentences for her convictions in two separate cases. In LC No. 2017-000488-FC, a jury convicted defendant of four counts of felonious assault, MCL 750.82. The trial court sentenced defendant as a third-offense habitual offender, MCL 769.11, to a prison term of five to eight years for each felonious assault conviction, to be served concurrently. In LC No. 2017-000490-FH, defendant pleaded guilty to witness bribery, MCL 750.122, and the trial court sentenced her as a third-offense habitual offender to 25 months to 8 years in prison. The witness bribery did not arise from the felony assault case, but rather was from an unrelated case. In each of the two cases, the trial court ordered that the sentences for felonious assault were to be served consecutively to the sentence for witness bribery.

In Docket No. 342284, defendant appeals as of right the sentences in the felonious assault case, and in Docket No. 343853, defendant appeals by delayed leave granted the sentence in the witness bribery case. We affirm the base sentences but remand to allow the trial court either (1) to articulate its authority and basis for imposing consecutive sentences or (2) to make the sentences concurrent.

## I. BACKGROUND

Defendant's felonious assault convictions arose from her conduct of discharging a shotgun at the Clinton Township home where her former boyfriend, his girlfriend, and two of the girlfriend's three children were located on September 13, 2016.

Defendant's plea-based conviction of witness bribery arose from her conduct on August 25, 2016 of offering her former boyfriend $10,000, in exchange for his agreement to not testify in a separate case in which she was accused of aggravated stalking for events that occurred in June 2016.

In both appeals, defendant challenges only her sentences.

## II. THE FELONIOUS ASSAULT SENTENCES

In the felonious assault case, defendant challenges the reasonableness of the trial court's sentences of five to eight years for her convictions of felonious assault. The minimum sentencing guidelines range for the offense of conviction was 12 to 36 months for a third-offense habitual offender. MCL 777.67; MCL 777.21(3).

"A sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness." *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015). When reviewing an out-of-guidelines sentence for reasonableness, we must determine "whether the trial court abused its discretion by violating the 'principle of proportionality' set forth in *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990), 'which requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender.' " *People v Steanhouse*, 500 Mich 453, 459-460; 902 NW2d 327 (2017); see also *People v Dixon-Bey*, 321 Mich App 490, 521; 909 NW2d 458 (2017), lv pending.

Although the sentencing guidelines are only advisory, *Lockridge*, 498 Mich at 365, "the guidelines 'remain a highly relevant consideration in a trial court's exercise of sentencing discretion' that trial courts 'must consult' and 'take . . . into account when sentencing.' " *Steanhouse*, 500 Mich at 474-475, quoting *Lockridge*, 498 Mich at 391. However, "the key test is whether the sentence is proportionate to the seriousness of the matter, not whether it departs from or adheres to the guidelines' recommended range." *Steanhouse*, 500 Mich at 472, quoting *Milbourn*, 435 Mich at 661. Factors that may be considered by a trial court under the proportionality standard include, but are not limited to:

(1) the seriousness of the offense; (2) factors that were inadequately considered by the guidelines; and (3) factors not considered by the guidelines, such as the

relationship between the victim and the aggressor, the defendant's misconduct while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation. [*People v Walden*, 319 Mich App 344, 352-353; 901 NW2d 142 (2017) (citation omitted).]

In this case, the trial court found that the calculated guidelines range of 12 to 36 months was "not proportionate to [defendant's] conduct." The court explained:

The policy of the State of Michigan favors individualized sentencing for every convicted defendant. The sentence must be tailored to fit the particular circumstances of the case as well as the defendant.

* * *

I cannot minimize how egregiously dangerous and how you imperiled not just the two adults in that trailer, but [the] children that were—were in that trailer and you had had every reason to believe that at least one of those children was there, if not all of them, and the two adults, you're very lucky that no one was actually struck by these—by these projectiles, these bullets that you had fired into—into the trailer. I also think that you're very lucky that the prosecution didn't charge you with the crime of intentional discharge of a firearm at a dwelling or occupied structure. That seemed to be a no-brainer. It's a 10-year offense. With the habitual 3rd, that would make it a 30-year offense.[1] Right now, you're convicted of an eight-year offense. The elements of that crime are that you just discharged a firearm into a potentially occupied structure. This is a case in which you knew that the structure was occupied and you did so in reckless disregard for the safety of any individual therein. The guidelines, had you been convicted of that, would have been 34 to 83 months.[2]

The court reiterated that it believed that the five-year minimum sentence it imposed "is a proportionate sentence to—to the conduct that you did."

The trial court did not abuse its sentencing discretion. The court previously had recognized that the actual minimum sentencing guidelines range was 12 to 36 months, thereby satisfying the requirement of consulting and taking into consideration the guidelines. See

---

[1] We note that the trial court was incorrect in its calculation of the potential maximum sentence. MCL 769.11 provides that when determining a maximum sentence for a third-offense habitual offender, a court may sentence a defendant up to "twice the longest term prescribed by law for a first time conviction of that offense." Thus, because discharging a firearm at a dwelling is punishable for up to 10 years, a court may sentence a third-offense habitual offender up to 20 years maximum for this offense.

[2] As discussed later in this opinion, the guidelines calculation would have been 34 to 100 months for a third-offense habitual offender.

*Steanhouse*, 500 Mich at 474-475; *Lockridge*, 498 Mich at 391. But the trial court went on to explain why it found that guidelines range inadequate. The court noted that defendant's conduct was *identical* to the conduct described by the statute prohibiting and penalizing the discharge of a firearm at a dwelling. See MCL 750.234b.[3] The court also noted the policy of this state, as evidenced through its legislative acts, is that the conduct of shooting a firearm at a dwelling is considered a much more severe or dangerous crime than felonious assault. While the nominal maximum penalty for felonious assault is four years, MCL 750.82(1), the maximum penalty for discharging a firearm at a dwelling is 10 years, MCL 750.234b(1). Thus, for a person being sentenced as a third-offense habitual offender under MCL 769.11, as defendant was here, the maximum sentences for these crimes is eight years for felonious assault and 20 years for discharging a firearm at a dwelling. See Note 1 of this opinion. The court also noted that because of the inherent severity of the crime of discharging a firearm at a dwelling (a class D offense, see MCL 777.16m, as opposed to the class F offense of felonious assault, see MCL 777.16d),[4] the minimum sentencing guidelines range for discharging a firearm at a dwelling would have been much higher. Indeed, with all of defendant's prior record variable scores and offense variable scores remaining the same, the minimum sentencing guidelines range for discharging a firearm at a dwelling would have been 34 to 100 months.[5] See MCL 777.21(3)(b); MCL 777.65.

The trial court therefore determined that the calculated guidelines range for defendant's *convictions* did not adequately reflect the severity of defendant's *conduct*, and thus were disproportionately low. Given the analysis by the trial court quoted above, we cannot say that the trial court abused its discretion. Indeed, with the sentencing guidelines now advisory, this is precisely the type of discretionary decision-making trial courts are now empowered and required to undertake. See *Steanhouse*, 500 Mich at 474-475 (requiring sentences to be proportionate to the *seriousness of the circumstances surrounding the offense* and offender and stating that key is not whether a particular sentence falls outside or within the guidelines range). And given that

---

[3] MCL 750.234b(1) provides:

> Except as otherwise provided in this section, an individual who intentionally discharges a firearm at a facility that he or she knows or has reason to believe is a dwelling or a potentially occupied structure, whether or not the dwelling or structure is actually occupied at the time the firearm is discharged, is guilty of a felony punishable by imprisonment for not more than 10 years or a fine of not more than $10,000, or both.

[4] The Legislature further has identified the discharging of a firearm at a dwelling as a "public safety" crime, while felonious assault is a crime against an "individual." MCL 777.16d; MCL 777.16m.

[5] As previously indicated, the trial court mentioned that the guidelines range in this hypothetical scenario would have been 34 to 83 months, but that range would have been applicable for a second-offense habitual offender, not a third-offense habitual offender, such as defendant. See MCL 777.21(3); MCL 777.65.

pursuant to the Legislature's directive, other people whose behavior was identical to defendant's normally would be sentenced to a minimum term of imprisonment of anywhere from three years to over eight years, it further shows that defendant's minimum sentence of five years is indeed proportionate. Cf. *People v Powell*, 278 Mich App 318, 323; 750 NW2d 607 (2008).[6]

It is important to stress that, although the trial court referred to *another charge* that would have accurately reflected defendant's conduct, the trial court confined defendant's ultimate sentence to the maximum penalty of the *convicted offense*. The crime of felonious assault has an eight-year maximum penalty of imprisonment, and defendant's sentence of five to eight years' imprisonment does not run afoul of that maximum.

Therefore, for the foregoing reasons, we hold that the trial court did not abuse its discretion in imposing base sentences of five to eight years' imprisonment for defendant's felonious assault convictions.

### III. CONSECUTIVE SENTENCING

In both appeals, defendant challenges the trial court's decision to order that the felonious assault sentences and the sentence for witness bribery be served consecutively. The prosecutor concedes, and we agree, that remand for further proceedings is necessary.

"In Michigan, concurrent sentencing is the norm, and a consecutive sentence may be imposed only if specifically authorized by statute." *People v Ryan*, 295 Mich App 388, 401; 819 NW2d 55 (2012) (quotation marks and citation omitted). The parties agree that the trial court apparently relied on the witness bribery statute, MCL 750.122(11), as authority for ordering consecutive sentencing. This statute provides that "[t]he court may order a term of imprisonment imposed for violating this section to be served consecutively to a term of imprisonment imposed for the commission of any other crime including any other violation of law *arising out of the same transaction as the violation of this section*." MCL 750.122(11) (emphasis added).

However, the witness bribery statute did not give the trial court authority to order the witness bribery sentence to be served consecutively to the felonious assault sentences. Defendant's witness bribery conviction arises from her conduct on August 25, 2016, when she offered a bribe to her former boyfriend to deter him from coming to court to testify against her in a case in which she was charged with aggravated stalking for events that occurred in June 2016. The September 2016 events giving rise to the felonious assault convictions in this case had not yet occurred. Because the felonious assault crimes did not arise out of the same transaction as the witness bribery violation, consecutive sentencing for those offenses was not authorized under MCL 750.122(11). The parties do not suggest, and the trial court did not specify, if any other

---

[6] We recognize that the Michigan Supreme Court has held oral argument and has taken under advisement the question of whether to grant leave from this Court's decision in *Dixon-Bey*, 321 Mich App 490, which potentially could affect the ability of courts to sentence based on conduct which did not result in a conviction. See *People v Dixon-Bey*, 501 Mich 1066 (2018).

statutory authority for ordering consecutive sentences might exist in this case. Therefore, remand is necessary.

Furthermore, to the extent that the trial court may have had discretion to impose consecutive sentences under some other statute, a trial court must "articulate on the record the reasons for each consecutive sentence imposed." *People v Norfleet*, 317 Mich App 649, 664-665; 897 NW2d 195 (2016). The court is required to "give particularized reasons" when imposing a consecutive sentence. *Id*. at 666. The record discloses, and the prosecutor concedes, that the trial court failed to articulate any reasons for imposing consecutive sentences. Therefore, remand also would be required for this purpose.

## IV. CONCLUSION

We affirm defendant's base sentences for felonious assault. However, we vacate the imposition of consecutive sentences. On remand, the trial court may not order consecutive sentencing in the felonious assault case, LC No. 2017-000488-FC, without specifying the statutory authority for allowing consecutive sentencing. If the court determines that consecutive sentencing is authorized, it must articulate its rationale for ordering consecutive sentences. Similarly, if the court determines that statutory authority exists for ordering consecutive sentencing in the witness bribery case, LC 2017-000490-FH, it must articulate its rationale for ordering consecutive sentencing. Conversely, if the court determines that consecutive sentencing is not authorized in either instance, it shall issue a corrected judgment of sentence that reflects that defendant's witness bribery sentence is to be served concurrently with her other sentences.[7]

Remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Jonathan Tukel
/s/ Michael J. Riordan

---

[7] In Docket No. 343853, the prosecutor asserts that the trial court should have ordered defendant's sentence for witness bribery to be served consecutively with her sentence for aggravated stalking in LC No. 2017-000489-FH and requests that this Court remand "to correct the issue of the cases involved related to the issue of consecutive sentencing[.]" Because the aggravated stalking case is not before us and because the prosecutor did not file a cross-appeal, we decline to address the propriety of consecutive sentencing as between the witness bribery and aggravated stalking cases.