# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

RANDALL LEMONT BEAMON,

        Defendant-Appellant.

UNPUBLISHED
June 26, 2018

No. 336229
Wayne Circuit Court
LC No. 15-010482-01-FC

Before: MURPHY, P.J., and JANSEN and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of assault with intent to commit murder (AWIM) (three counts), MCL 750.83, assaulting, resisting, or obstructing a police officer causing serious impairment of a body function, MCL 750.81d(3), third-degree fleeing and eluding, MCL 257.602a(3), carrying a concealed weapon (CCW), MCL 750.227, assaulting, resisting, or obstructing a police officer (two counts), MCL 750.81d(1), felon in possession of a firearm, MCL 750.224f, and possession of a firearm during the commission of a felony (felony-firearm) – second offense, MCL 750.227b. He was sentenced as a third habitual offender, MCL 769.11, to 30 to 60 years' imprisonment for each AWIM conviction, 15 to 30 years' imprisonment for the conviction of assaulting a police officer causing serious impairment, 5 to 10 years' imprisonment for the fleeing and eluding conviction, 5 to 10 years' imprisonment for the CCW conviction, 5 to 10 years' imprisonment for the felon-in-possession conviction, 2 to 4 years' imprisonment for each conviction of assaulting, resisting or obstructing a police officer, and 5 years' consecutive imprisonment for his conviction of felony-firearm. We affirm all of defendant's convictions and sentences, with the exception of the felon-in-possession conviction and sentence, which are vacated and the prosecution concedes error.

The prosecution presented overwhelming evidence that established that defendant and a female companion were in a suspicious parked van when police officers approached the vehicle to investigate, that defendant refused to cooperate with the officers, that defendant was observed handling a gun inside the van, that defendant locked the doors and drove away at a high rate of speed, spinning his tires and heading toward the expressway,[1] that police officers and neighbors

---

[1] The female companion jumped out of the van before defendant drove away.

-1-

heard multiple gunshots while defendant was fleeing, that defendant then drove the wrong way on the expressway, causing other vehicles to veer to avoid being hit, that numerous officers pursued defendant in their police cruisers, and that defendant stopped at a residence (his sister's home), abandoning the still-running van and taking off on foot. Further, the prosecution elicited testimony that officers arriving at the house came under gunfire from defendant, with the officers returning fire, that defendant was observed firing directly at officers, striking one in the leg and grazing the forehead of another officer, that when the gunfire ended, police converged on defendant's location, finding him bleeding from gunshot injuries, that a nine-millimeter gun was located in a window well near defendant,[2] that nine-millimeter casings were retrieved from the scene, that photographs on defendant's cell phone showed a gun that appeared similar to the nine-millimeter weapon found in the window well, and that in a telephone call made by defendant from jail, he stated, "I turned around and shot at them." Defendant was convicted of the charged crimes as indicated above.

On appeal, defendant first contends that there was insufficient evidence to support the jury's verdicts. This Court reviews de novo the issue regarding whether there was sufficient evidence to support a conviction. *People v Lueth*, 253 Mich App 670, 680; 660 NW2d 322 (2002). In reviewing the sufficiency of the evidence, this Court must view the evidence – whether direct or circumstantial – in a light most favorable to the prosecutor and determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012); *People v Hardiman*, 466 Mich 417, 428; 646 NW2d 158 (2002). A jury, and not an appellate court, observes the witnesses and listens to their testimony; therefore, an appellate court must not interfere with the jury's role in assessing the weight of the evidence and the credibility of the witnesses. *People v Wolfe*, 440 Mich 508, 514-515; 489 NW2d 748 (1992). Circumstantial evidence and the reasonable inferences that arise from such evidence can constitute satisfactory proof of the elements of a crime. *People v Carines*, 460 Mich 750, 757; 597 NW2d 130 (1999). The prosecution need not negate every reasonable theory of innocence, but need only prove the elements of the crime in the face of whatever contradictory evidence is provided by the defendant. *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000). We resolve all conflicts in the evidence in favor of the prosecution. *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008).

On close examination of defendant's argument, he does not maintain that there was an absence of or inadequate testimony on the elements of the various crimes. Rather, his arguments, for the most part, can be distilled down to claims challenging the reliability, weight, and credibility of the evidence. In *People v Palmer*, 392 Mich 370, 375-376; 220 NW2d 393 (1974), the Michigan Supreme Court explained:

> In a criminal trial the burden is on the prosecution to prove the defendant's guilt beyond a reasonable doubt on every element of the crime charged. On appeal

---

[2] There was testimony that defendant was seen crawling to the window well and dropping his weapon inside the well before rolling over.

from a conviction a defendant may request the appellate court to determine if the prosecution fulfilled this burden. In conducting this review the appellate court must remember that the jury is the sole judge of the facts. It is the function of the jury alone to listen to testimony, weigh the evidence and decide the questions of fact. In determining the facts the jury may draw reasonable inferences from the facts established by either direct or circumstantial evidence.

Juries, not appellate courts, see and hear witnesses and are in a much better position to decide the weight and credibility to be given to their testimony. Where sufficient evidence exists, which may be believed by the jury, to sustain a verdict of guilty beyond a reasonable doubt, the decision of the jury should not be disturbed by an appellate court. [Citations omitted; see *Wolfe*, 440 Mich at 514-515; *People v Mikulen*, __ Mich App __, __; __ NW2d __ (2018), slip op at 3 ("A jury, and not an appellate court, observes the witnesses and listens to their testimony; therefore, an appellate court must not interfere with the jury's role in assessing the weight of the evidence and the credibility of the witnesses.").]

Defendant initially complains that the officer who was first on the scene failed to prepare a written report of the incident, that this officer claimed to be testifying from memory although he had read reports from other officers before testifying, and that this officer gave evasive answers when questioned about his conduct when first encountering defendant. This is nothing more than an attack on the officer's credibility and the reliability of his testimony. Accordingly, it was solely a matter for the jury to resolve.

Defendant next points to the testimony by another officer that he did not call for a supervisor when defendant made that request while in the van, yet no officer testified that defendant was informed of that fact. Defendant asks, "Why not?"[3] We fail to understand the relevancy, if there is any, of this argument, but it certainly does not undermine the evidence of guilt.

Defendant next states that his registration and proof of insurance for the van was found by police on the van's console, indicating that he had attempted to provide the documentation to the police. Defendant asks, "If he was not doing that why would those documents be out on the console?" This, effectively, is a challenge to the credibility of the officers' accounts regarding what transpired when they approached the van and confronted defendant, implicitly suggesting that defendant was being fully compliant and that he fled because of some kind of wrongdoing by the police. Accordingly, it was solely a matter for the jury to resolve.

Next, defendant argues that there was no effort to match blood found on the nine-millimeter firearm to defendant and that, while police indicated that the gun was not registered in anyone's name, defense counsel was able to produce a report that the gun had been purchased by a particular person in May of 2015. Defendant asks why defense counsel was able to procure the document while the police failed to do so and why the prosecution failed to contact the owner

---

[3] Defendant's appellate brief is riddled with speculative questions.

regarding the whereabouts of the gun. We do not have the answers to these questions, nor do we need the answers. The argument challenges the adequacy of the police investigation. To the extent that defendant is arguing that there was insufficient evidence linking defendant to the nine-millimeter, the argument fails, given that the evidence presented at trial was more than sufficient to connect defendant to the weapon, including testimony that defendant was found near the gun and had been seen placing it in the window well. If defendant is complaining about the weight of the evidence linking him to the firearm, that was a matter for the jury to resolve.

Defendant next maintains that there was no physical evidence corroborating the extensive testimony by the officers that defendant shot at them. This argument necessarily pertains to the credibility of and weight to be given the testimony by the officers. The prosecutor was not required to submit physical evidence corroborating the testimony. *People v Newby*, 66 Mich App 400, 405; 239 NW2d 387 (1976) (rejecting the defendant's argument that physical evidence linking him to the crime was necessary, holding that eyewitness testimony suffices to sustain a conviction, and noting that our "jurisprudence requires that the weight of the evidence and the credibility of a witness be left to the trier of fact").

Defendant next complains about the recorded jail phone call in which defendant spoke of shooting at the police, arguing that the remaining portion of the call included defendant's claims of innocence. The entire phone call was ultimately played for the jury, and the jurors were free to give as much weight to defendant's statements as they saw fit.

Next, defendant states that the officers' injuries were minor, that defendant suffered at least eight gunshot wounds, and that defendant's medical records included a history which stated that he was stealing a car and involved in gunfire. Defendant then contends:

> Clearly the defendant did not provide a history claiming to have been shot during the theft of his own vehicle. That raises a question regarding who did provide that information and why? The answer to that question is what the defendant suspected when he said, "They trying to railroad me. They lying on me."

Evidently, defendant is arguing that a grand conspiracy against him occurred and that the police shot him without cause. Once again, these arguments go to the credibility of the witnesses that the prosecution presented at trial. Accordingly, it was solely a matter for the jury to resolve. Defendant next maintains:

> The appellant asks, given the totality of the evidence presented during his trial, what *credible and reliable evidence* supported the jury's findings beyond a reasonable doubt that he tried to kill three Detroit police officers, resisted or obstructed any officer, possessed a pistol or wrongfully fled from the police? He submits that there was no such evidence and that his guilt was not proven by the required legal standard. [Emphasis added.]

Thus, defendant's own arguments acknowledge that he is attacking the credibility and reliability of the evidence; he does not maintain that there was a lack of testimony encompassing all of the elements of the crimes upon which he was convicted. Weight, credibility, and

reliability of the evidence simply cannot serve as bases for this Court to reverse a criminal conviction.

Although not even argued by defendant, the prosecutor concedes that there was insufficient evidence to support the felon-in-possession conviction because a stipulation that defendant was a felon at the time the offenses were committed was inadvertently not placed into evidence. Given the concession, we shall vacate the conviction and sentence for felon in possession. With respect to the remaining convictions, there was more than sufficient evidence to sustain them, especially when viewing the evidence in a light most favorable to the prosecution and resolving all conflicts in the evidence in favor of the prosecution.

Defendant next argues that his sentences of 30 to 60 years' imprisonment for the AWIM convictions, to be served consecutively to the 5-year sentence for the felony-firearm conviction, second offense, constitute unreasonable and disproportionate sentences and violate the state and federal constitutional protections against cruel and unusual punishment. In a case where only by great fortune no one was killed by defendant's repeated discharge of a firearm and operation of a vehicle against the flow of traffic on an expressway, and where defendant previously served a lengthy prison term for manslaughter, we conclude that this argument is completely devoid of merit. The central premise of his argument is that he was 44 years old at the time of sentencing and that he will be 79 years old when his minimum sentences are completed, effectively a life sentence according to defendant. Defendant's minimum sentence of 30 years' imprisonment for the AWIM convictions was within the minimum sentence guidelines range, and the 5-year consecutive sentence for felony-firearm was mandated by MCL 750.227b(1) and (3). The trial court did not even sentence defendant to the top end of the guidelines range for the AWIM convictions, which was 35½ years.

MCL 769.34(10) provides, in relevant part, that "[i]f a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence." Defendant does not allege a scoring error or reliance on inaccurate sentencing information; therefore, generally speaking, we must affirm defendant's sentences. However, MCL 769.34(10) does not and cannot preclude constitutional appellate challenges to a sentence, e.g., an argument that a sentence constitutes cruel and unusual punishment. See *People v Powell*, 278 Mich App 318, 323; 750 NW2d 607 (2008) (MCL 769.34[10]'s limitation on review does not apply to claims of constitutional error); see also *People v Conley*, 270 Mich App 301, 316; 715 NW2d 377 (2006) ("It is axiomatic that a statutory provision, such as MCL 769.34[10], cannot authorize action in violation of the federal or state constitutions."). A sentence within the guidelines range is presumptively proportionate, and a proportionate sentence is not cruel or unusual punishment. *Powell*, 278 Mich App at 323. A defendant can only overcome the presumption by presenting unusual circumstances that would render a presumptively proportionate sentence disproportionate. *People v Bowling*, 299 Mich App 552, 558; 830 NW2d 800 (2013). The principle of proportionality requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender. *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990).

Considering defendant's criminal history that includes a conviction for manslaughter, and given that a police officer or member of the public could easily have been killed by defendant's reckless and intentional actions, the 30-year minimum AWIM sentences, with the consecutive 5-year felony-firearm sentence, were proportionate to the seriousness of the offenses and the offender. Defendant has not presented any unusual circumstances that would render the presumptively proportionate sentences disproportionate. His age at the time of sentencing does not render the sentences disproportionate. In *People v Lemons*, 454 Mich 234, 258-259; 562 NW2d 447 (1997), our Supreme Court observed:

> [W]e find no basis . . . for a requirement that the trial judge tailor every defendant's sentence in relationship to the defendant's age. Persons who are sixty years old are just as capable of committing grievous crimes as persons who are twenty years old. We find no principled reason to require that a judge treat similar offenses that are committed by similarly depraved persons differently solely on the basis of the age of the defendant at sentencing where the Legislature has authorized the judge to impose life or any term of years.

Because defendant has not overcome the presumption of proportionality, the sentences imposed by the trial court did not constitute cruel or unusual punishment. Resentencing is unwarranted.

In a Standard 4 brief filed under Administrative Order No. 2004-6, defendant argues that the prosecutor engaged in several instances of prosecutorial misconduct, that his due process rights were violated in multiple ways, that he was denied the effective assistance of counsel for various reasons, and that this Court should remand the case for an evidentiary hearing. We have reviewed and carefully scrutinized each and every argument posed by defendant in painstaking detail, and there simply is no basis in the record or the law warranting reversal on any of his claims. Accordingly, they are rejected.

Affirmed with respect to all of defendant's convictions and sentences, with the exception of the felon-in-possession conviction and sentence, which are vacated.

/s/ William B. Murphy
/s/ Amy Ronayne Krause