*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
August 12, 2021

Plaintiff-Appellee,

v

No. 352537
Wayne Circuit Court
LC No. 13-007478-01-FC

JAWANTA DERIN COVINGTON,

Defendant-Appellant.

Before: RIORDAN, P.J., and MARKEY and SWARTZLE, JJ.

PER CURIAM.

On remand from this Court, the trial court refused to resentence defendant with respect to an armed robbery conviction for which defendant was sentenced to 15 to 40 years' imprisonment in January 2014.[1] In this appeal, defendant claims that the sentence, which fell within the minimum sentence guidelines range, was unreasonable and disproportionate in light of defendant's status as a first-time offender and his minimal or limited role in the armed robbery. We affirm.

This case stems from an armed robbery of a jewelry store by defendant and two accomplices. There was evidence that defendant initially "cased" the store, distracted and diverted the attention of store employees before his gun-wielding accomplices entered the establishment and threatened the employees. A store security guard shot and killed one of defendant's accomplices and then held defendant and the other accomplice at gunpoint. Police arrived and discovered that defendant was in possession of gloves, a hammer, and a pillowcase.

On appeal to this Court, defendant's convictions for a variety of crimes, including armed robbery, MCL 750.529, were affirmed, but, in light of *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015), the panel did order a *Crosby*[2] remand because of judicial factfinding on an

---

[1] Defendant received the same sentence for his conviction of conspiracy to commit armed robbery. His argument on appeal covers both the armed robbery and associated conspiracy sentences. For ease of reference, we just simply refer to the offense of armed robbery.

[2] *United States v Crosby*, 397 F3d 103 (CA 2, 2005).

offense variable that was material. *People v Covington*, unpublished per curiam opinion of the Court of Appeals, issued April 12, 2016 (Docket No. 325610), p 7. Resentencing was denied on remand by a new judge to the case who found the sentence reasonable. Defendant again appealed, and this Court again remanded based on flaws in how the *Crosby* remand procedure was conducted. *People v Covington*, unpublished per curiam opinion of the Court of Appeals, issued July 18, 2017 (Docket No. 335036), pp 2-3. After this second remand, the trial court again declined to resentence defendant differently, again finding that the sentence imposed was reasonable. Defendant once again appealed, and this Court again remanded the case due to deficient procedures: Defendant did not have an opportunity to be personally heard by the new judge. *People v Covington*, unpublished per curiam opinion of the Court of Appeals, issued September 19, 2019 (Docket No. 345401), pp 4-5. On remand, the trial court once again, but with no errors, declined to resentence defendant, concluding, for the third time, that the sentence of 15 to 40 years' imprisonment was reasonable. In none of the three previous appeals did defendant argue that the armed robbery sentence of 15 to 40 years' imprisonment was unreasonable and disproportionate. He now presents that argument.

We initially rule that defendant's argument on appeal exceeds the scope of the previous remand orders and is thus not properly before us. When "an appellate court remands for some limited purpose following an appeal as of right in a criminal case, a second appeal as of right, limited to the scope of the remand, lies from the decision on remand." *People v Kincade*, 206 Mich App 477, 481; 522 NW2d 880 (1994); see also *People v Jones*, 394 Mich 434, 435-436; 231 NW2d 649 (1975) ("the scope of [a] second appeal is limited by the scope of the remand[]"). Whether the sentence for armed robbery was unreasonable and disproportionate was never the subject of any of the remands, nor had defendant ever raised the issue.

Furthermore, "[i]f a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence." MCL 769.34(10). Here, defendant's minimum sentence of 180 months or 15 years for the armed robbery conviction fell within the minimum sentence guidelines range of 135 to 225 months' imprisonment. In *Lockridge*, 498 Mich at 364-365, our Supreme Court held that Michigan's sentencing guidelines violated the Sixth Amendment right to a jury trial, and it remedied the constitutional infringement by declaring the guidelines advisory only. In *People v Schrauben*, 314 Mich App 181, 196 n 1; 886 NW2d 173 (2016), this Court held that the decision in "*Lockridge* did not alter or diminish MCL 769.34(10)." Therefore, "[w]hen a trial court does not depart from the recommended minimum sentencing range, the minimum sentence must be affirmed unless there was an error in scoring or the trial court relied on inaccurate information." *Schrauben*, 314 Mich App at 196; see also *People v Posey*, __ Mich App __, __; __ NW2d __ (2020); slip op at 8-9. In this case, defendant does not claim any error in scoring the guidelines, nor does he contend that the trial court relied on inaccurate information in imposing sentence. Accordingly, the 15-year minimum sentence is not subject to appellate review. Nevertheless, we will, however, provide our analysis.

In *Posey*, this Court explained:

> MCL 769.34(10) does not and cannot preclude constitutional appellate challenges to a sentence, e.g., an argument that a sentence constitutes cruel and

-2-

unusual punishment. See *People v Powell*, 278 Mich App 318, 323; 750 NW2d 607 (2008) (MCL 769.34[10]'s limitation on review does not apply to claims of constitutional error); see also *People v Conley*, 270 Mich App 301, 316; 715 NW2d 377 (2006) ("It is axiomatic that a statutory provision, such as MCL 769.34[10], cannot authorize action in violation of the federal or state constitutions.").

> We note that grossly disproportionate sentences may constitute cruel and unusual punishment. *People v Bullock*, 440 Mich 15, 32; 485 NW2d 866 (1992). However, there is a distinction between "proportionality" as it relates to the constitutional protection against cruel and unusual punishment, and "proportionality" as it relates to reasonableness review of a sentence, which is not constitutional in nature. *Id*. at 34 n 17 ("Because the similarity in terminology may create confusion, we note that the constitutional concept of 'proportionality' under Const 1963, art 1, § 16 [cruel or unusual punishment prohibition] is distinct from the nonconstitutional 'principle of proportionality' discussed in . . . Milbourn[3] . . ., although the concepts share common roots."). A sentence within the guidelines range is presumptively proportionate, and a proportionate sentence is not cruel or unusual punishment. *Powell*, 278 Mich App 318, 323. A defendant can only overcome the presumption by presenting unusual circumstances that would render a presumptively proportionate sentence disproportionate. *People v Bowling*, 299 Mich App 552, 558; 830 NW2d 800 (2013). [*Posey*, __ Mich App at __; slip op at 9 (alterations in original).]

Defendant does not specifically argue that his 15-year minimum sentence is unconstitutional. But he does contend that it should be vacated because of "unusual" circumstances—he has no prior criminal history; the jury found him not guilty of assault with intent to commit murder; he did not carry a firearm during the incident, and his accomplice who had been carrying a firearm was sentenced to a minimum term of nearly four years less than defendant.

These circumstances are not so unusual that they would render the presumptively proportionate minimum sentence unconstitutionally disproportionate. Defendant played a key role in the armed robbery, distracting and diverting store personnel so that his armed, gun-wielding accomplices could attempt to gain the upper hand. Defendant, carrying a pillowcase and hammer, was ready to wreak havoc and steal jewelry. And, someone was killed.

Finally, notwithstanding all of the previous problems with defendant's appeal set forth above, we agree the 15-year minimum sentence was reasonable and proportionate under all of the surrounding circumstances.

We affirm.

/s/ Michael J. Riordan
/s/ Jane E. Markey
/s/ Brock A. Swartzle

---

[3] *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990).