*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

HANNAH JALISA ALLEN,

      Defendant-Appellant.

UNPUBLISHED
January 19, 2023

No. 359283
Berrien Circuit Court
LC No. 2020-003716-FH

Before: RIORDAN, P.J., and MARKEY and REDFORD, JJ.

PER CURIAM.

Defendant pleaded guilty to making a terrorist threat, MCL 750.543m. The trial court imposed a sentence of 10 to 20 years' imprisonment. Defendant appeals by leave granted[1] the judgment of sentence. We affirm.

Pursuant to the guilty plea, defendant admitted that she sent multiple text messages to her employer's human resources manager in which she threatened to shoot and kill her coworkers at the company's plant. With respect to the scoring of the guidelines, the crime of making a terrorist threat is a Class B felony. See MCL 777.16bb. Defendant's total prior-record-variable (PRV) score was 45 points and her total offense-variable (OV) score was 40 points, which had been 45 points until the trial court reduced the score for OV 16 by five points on defendant's motion for resentencing. Defendant's minimum sentence guidelines range was set at 72 to 120 months' imprisonment. See MCL 777.63 (Class B grid; OV level IV and PRV level D). The trial court imposed a minimum sentence at the very top end of the guidelines range, 120 months (ten years).

Defendant first argues that the trial court erred by assessing five points for OV 16, which concerns property that is "obtained, damaged, lost, or destroyed" during the commission of a crime. MCL 777.46(1). The assessment was based on business losses valued at between $1,000 and $20,000 that were caused by employees being allowed to remain home during the threats of

---

[1] *People v Allen*, unpublished order of the Court of Appeals, entered January 25, 2022 (Docket No. 359283).

violence. See MCL 777.46(1)(e). We decline to address the scoring of OV 16. Assuming that the trial court erred by assessing five points for OV 16 rather than zero points as urged by defendant, resentencing is not required because a reduction in the total OV score by five points would not alter the appropriate guidelines range considering that defendant would remain at OV level IV. See *People v Francisco*, 474 Mich 82, 89 n 8; 711 NW2d 44 (2006) ("Where a scoring error does not alter the appropriate guidelines range, resentencing is not required."); MCL 777.63.

Defendant next argues that her sentence was invalid because it was based on two misconceptions of law. A sentence is invalid when it is based on a misconception of law. *People v Comer*, 500 Mich 278, 292 n 35; 901 NW2d 553 (2017). In this case, defendant first asserts that her sentence was invalid because the trial court erroneously stated that it was required to impose a minimum sentence at the top end of the guidelines. At the sentencing hearing, the trial court discussed the rationale for its sentence. The court remarked, "In th[is] particular case I do believe the sentencing guideline range does call for a sentence at the maximum and I am going to impose that." Defendant maintains that the court's statement revealed that the court failed to realize or understand that it retained discretion to impose a minimum sentence anywhere within the guidelines range, thereby demonstrating a misconception of law. At the hearing on defendant's motion for resentencing, the trial court explained as follows:

> The second issue is with respect to why I sentenced her at the high end of the guidelines. I might have been inarticulate when I said that, but I clearly understood that the sentencing guideline range did not dictate or mandate that I had to sentence her at the high end. I fully understood that. What I was indicating, as I said, maybe inarticulately, was that I believed based upon the facts of this case, as well as her prior record, those are the things that dictated sentencing at the higher end of the guidelines.

The trial court's explanation was consistent with its statement at sentencing. The court made the original statement quoted above in the context of providing its reasoning for the sentence, emphasizing the seriousness of the crime and defendant's criminal history. The trial court presumably would not have explained the reasons for the sentence if it believed that it was legally obligated to issue a particular minimum sentence at the top end of the guidelines. Additionally, the trial court began the statement with a reference to this "particular case," noting that the guidelines provided a "range" for the minimum sentence. Especially in light of the trial court's clarification at the hearing on the motion for resentencing, we find it patently clear that the trial court was not operating on a misconception of law; it fully appreciated that it had the discretion to impose a minimum sentence that was not at the top end of the guidelines range.

Defendant also argues that the trial court sentenced defendant under a misconception of law when it failed to mention "rehabilitation" as one of the goals of sentencing. According to the transcript of the sentencing hearing, the trial court commented that "the purpose of my sentence is punishment, protection of the community, deterrent, reparation and restitution." This Court has stated that "the factors considered in imposing sentence should be balanced with the following objectives: (1) reformation of the offender, (2) protection of society, (3) punishment of the offender, and (4) deterrence of others from committing like offenses." *People v Sabin*, 242 Mich App 656, 661-662; 620 NW2d 19 (2000) (quotation marks and citations omitted). The Court,

however, further noted that a sentencing court is not required to "expressly mention each goal of sentencing when imposing sentence." *Id.* at 662 (quotation marks and citation omitted).

Defendant argues that the trial court's omission of "reformation" from its recitation of the purposes for sentencing indicated that it was acting on the basis of a local sentencing policy. But at the hearing on the motion for resentencing, the trial court explained its apparent failure to mention rehabilitation:

> [W]ith respect to the . . . basis for the sentence, the purpose of my sentencing, in checking in the video I did not say reparations. I said reformation and the transcriptionist typed it wrong, so it's just an error. Reformation is a proper purpose of sentencing. It encompasses rehabilitation and that's what I always say, and so there was just a simple error in the transcription[.]

The trial court therefore, on the record, included reformation of the offender, or, synonymously, rehabilitation, when listing the purposes of sentencing. Further, defendant offers no reason to doubt the court's explanation of a transcription error. In sum, we conclude that defendant has not demonstrated that the trial court sentenced her under a misconception of law; the sentence was valid.

Finally, defendant argues that the sentence imposed by the trial court was disproportionate to the circumstances surrounding the offense and the offender and that even though the sentence fell within the guidelines range—rendering the sentence presumptively proportionate—unusual circumstances existed that overcame the presumption. The unusual circumstances, according to defendant, consisted of two similar Michigan convictions that were punished without jail time as revealed in newspaper articles, along with the court's own previous encounter with violence in the courthouse that purportedly left it oversensitive to threats of violence. MCL 769.34(10) provides as follows:

> If a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence. A party shall not raise on appeal an issue challenging the scoring of the sentencing guidelines or challenging the accuracy of information relied upon in determining a sentence that is within the appropriate guidelines sentence range unless the party has raised the issue at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in the court of appeals.

"When a trial court does not depart from the recommended minimum sentencing range, the minimum sentence must be affirmed unless there was an error in scoring or the trial court relied on inaccurate information." *People v Schrauben*, 314 Mich App 181, 196; 886 NW2d 173 (2016); see also *People v Posey*, 334 Mich App 338, 356; 964 NW2d 862 (2020). In this case, we have disposed of the alleged scoring error and there is no claim of reliance on inaccurate information. Accordingly, the 10-year minimum sentence would generally not be subject to appellate review. In *Posey*, 334 Mich App at 357-358, this Court explained:

MCL 769.34(10) does not and cannot preclude constitutional appellate challenges to a sentence, e.g., an argument that a sentence constitutes cruel and unusual punishment. See *People v Powell*, 278 Mich App 318, 323; 750 NW2d 607 (2008) (stating that MCL 769.34[10]'s limitation on review does not apply to claims of constitutional error); see also *People v Conley*, 270 Mich App 301, 316; 715 NW2d 377 (2006) ("It is axiomatic that a statutory provision, such as MCL 769.34[10], cannot authorize action in violation of the federal or state constitutions.").

We note that grossly disproportionate sentences may constitute cruel and unusual punishment. *People v Bullock*, 440 Mich 15, 32; 485 NW2d 866 (1992). However, there is a distinction between "proportionality" as it relates to the constitutional protection against cruel and unusual punishment, and "proportionality" as it relates to reasonableness review of a sentence, which is not constitutional in nature. *Id*. at 34 n 17 ("Because the similarity in terminology may create confusion, we note that the constitutional concept of 'proportionality' under Const 1963, art 1, § 16 [cruel or unusual punishment prohibition] is distinct from the nonconstitutional 'principle of proportionality' discussed in *Milbourn*,[2] although the concepts share common roots."). A sentence within the guidelines range is presumptively proportionate, and a proportionate sentence is not cruel or unusual punishment. *Powell*, 278 Mich App at 318. A defendant can only overcome that presumption by presenting unusual circumstances that would render a presumptively proportionate sentence disproportionate. *People v Bowling*, 299 Mich App 552, 558; 830 NW2d 800 (2013). [Ellipses omitted; alteration in original.]

In this case, defendant has not framed her argument in constitutional terms. There is no assertion that the 10-year minimum sentence constituted cruel or unusual punishment. Accordingly, MCL 769.34(10) dictates that we affirm the sentence. Moreover, even upon substantive consideration, we conclude that defendant's arguments about the trial court's purported trauma from courtroom violence and about the two other court cases in Michigan, aside from being evidentially flawed, simply do not establish unusual circumstances attendant to this particular case. The 10-year minimum sentence was proportionate and not cruel or unusual.

We affirm.

/s/ Michael J. Riordan
/s/ Jane E. Markey
/s/ James Robert Redford

---

[2] *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990) (The "principle of proportionality . . . requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender.").