*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DERRICK DAJAUNE KNIGHT,

        Defendant-Appellant.

UNPUBLISHED
October 19, 2023

No. 362166
Wayne Circuit Court
LC No. 21-001056-01-FH

Before: K. F. KELLY, P.J., and JANSEN and CAMERON, JJ.

PER CURIAM.

Defendant appeals by right his bench-trial convictions of one count of felon in possession of a firearm ("felon-in-possession"), one count of felonious assault, two counts of possession of a firearm during the commission of a felony ("felony-firearm"), second-offense, one count of assaulting, resisting, or obstructing a police officer, and one count of domestic violence. Defendant was sentenced as a fourth-offense habitual offender to 4 to 10 years' imprisonment for the felon-in-possession conviction, 4 to 15 years' imprisonment for the felonious assault conviction, five years' imprisonment for each of the felony-firearm convictions, 2 to 15 years' imprisonment for the assaulting, resisting, or obstructing a police officer conviction, and 93 days for the domestic violence conviction. Finding no errors warranting reversal, we affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

This case arises out of defendant's assault of his wife in their home located in Detroit, Michigan. On February 3, 2021, at approximately 3:00 a.m., the victim was lying awake in bed alone when defendant entered their bedroom armed with a pistol and informed the victim that they needed to have a discussion. Defendant informed the victim that he wanted her cellphone and, after he and the victim "tussled a little bit," she provided it to defendant, who instructed her a second time, that the two needed to have a conversation. The victim refused and attempted to grab a handgun from under her pillow; however, defendant took it from her.

Later, while in the downstairs den area, defendant repeatedly accused the victim of adultery and told the victim to enter the access code to her cellphone. Defendant threatened the victim that she was lying to him, hit her head with the pistol twice and, after she started crying, defendant

-1-

aimed a gun at her face and stated, "You better shut up. You better not wake the kids up." When the victim stated that she was bleeding, defendant responded: "B***h, I don't care. You about to die anyway." The incident with the victim continued for several hours, before eventually coming to a stop.

At about 7:00 a.m., the victim went upstairs, gathered both of her children, and barricaded the three of them in a bedroom using a dresser. The victim called 911 using her daughter's cellphone and, approximately 10 minutes later, law enforcement arrived. From inside the residence, defendant told the officers that "everything is okay" and went upstairs. While the officers continued knocking on the downstairs door, defendant approached the second-floor bedroom where the victim was barricaded and instructed her to come out, stating: "If you don't come out, I'm going to start shooting." The victim exited the room, ran down the stairs, and was tackled by defendant. The victim and defendant then began to struggle over control of the handgun on the floor. The officers were able to enter the residence and separate the victim from defendant. As officers attempted to detain defendant, however, he resisted the officers' commands and physical attempts to restrain him, which resulted in an officer using a taser on defendant's torso area.

Defendant was convicted of one count of felon-in-possession, MCL 750.224f, one count of felonious assault, MCL 750.82, two counts of felony-firearm, second-offense, MCL 750.227b, one count of assaulting, resisting, or obstructing a police officer, MCL 750.81d(1), and one count of domestic violence, MCL 750.81(2). Defendant was sentenced as noted earlier in this opinion. This appeal followed.

## II. STANDARDS OF REVIEW

Appellate courts must review all sentences for reasonableness, which is assessed by examining whether the trial court abused its discretion by imposing a sentence that was disproportionate to the seriousness of the circumstances surrounding the offense and offender. *People v Posey*, ___ Mich ___; ___ NW2d ___ (2023) (Docket No. 162373); slip op at 29, citing *People v Steanhouse*, 500 Mich 453, 473; 902 NW2d 327 (2017). "When a trial court sentences a defendant within the guidelines' recommended range, it creates a presumption that the sentence is proportionate. However, unlike a mandate that an appellate court affirm a within-guidelines sentence, the presumption of proportionality may be overcome." *Posey*, ___ Mich ___; slip op at 37-38.

"This Court generally reviews constitutional questions de novo." *People v Brown*, 294 Mich App 377, 389; 811 NW2d 531 (2011). However, we "review unpreserved constitutional issues for plain error affecting substantial rights." *People v Burkett*, 337 Mich App 631, 635; 976 NW2d 864 (2021) (quotation marks and citation omitted). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *People v Stokes*, 333 Mich App 304, 307; 963 NW2d 643 (2020) (quotation marks and citation omitted).

## III. ANALYSIS

Defendant argues the trial court abused its discretion when it sentenced defendant to 4 to 10 years' imprisonment for the felon-in-possession conviction, 4 to 15 years' imprisonment for the felonious assault conviction, and 2 to 15 years' imprisonment for the obstructing a police officer conviction, because the sentences were unreasonable, disproportionate, and constituted cruel and unusual punishment under the Eighth Amendment to the United States Constitution, and Article 1, § 16 of Michigan's 1963 Constitution. We disagree.

## A. PROPORTIONALITY

Appellate review of defendant's within-guidelines sentences was previously foreclosed under MCL 769.34(10).[1] See *People v Schrauben*, 314 Mich App 181, 196; 886 NW2d 173 (2016), overruled in part by *Posey*, ___ Mich at ___; slip op at 37-38 (observing that reviewing courts were required to affirm any sentence within the guidelines range, absent a scoring error or reliance on inaccurate information). However, in *Posey*, the Michigan Supreme Court recently held that subsection 10 of MCL 769.34 is unconstitutional:

> In accordance with our decision in [*People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015)], we hold that defendants may challenge the proportionality of *any* sentence on appeal and that the sentence is to be reviewed for reasonableness. When a trial court sentences a defendant within the guidelines' recommended range, it creates a presumption that the sentence is proportionate. However, unlike a mandate that an appellate court affirm a within-guidelines sentence, the presumption of proportionality may be overcome. We therefore reaffirm the part of *Lockridge* that declared that any portion of MCL 769.34 that imposed a mandatory consideration of the sentencing guidelines to be necessarily unconstitutional, and we strike the portion of MCL 769.34(10) requiring such consideration for that reason. In the process, we overrule *Schrauben* in part, as well as any other decision that requires appellate courts to affirm within-guidelines sentences on appeal, and we overrule the Court of Appeals' holdings that are inconsistent with this approach. [*Posey*, ___ Mich at ___; slip op at 37-38 (emphasis added).]

In the instant case, it is undisputed that the minimum sentencing guidelines range was 14 to 58 months, and defendant was sentenced to a minimum term of 48 months for the felon-in-possession and felonious assault convictions, and a minimum term of 24 months for the obstructing a police officer conviction, all of which are within the guidelines range. On appeal, defendant asserts that the 4-to-10 year sentence for the felon-in-possession conviction, the 4-to-15 year sentence for the felonious assault conviction, and the 2-to-15 year sentence for the obstructing a police officer conviction, were unreasonable, disproportionate, and constituted cruel and unusual punishment under the Eighth Amendment to the United States Constitution, and Article 1, § 16 of

---

[1] MCL 769.34(10) states, in pertinent part: "If a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence."

Michigan's 1963 Constitution. Defendant specifically contends that the trial court violated the principle of proportionality because it failed to consider that the probation terms advanced by defense counsel, to be served after the concurrent five-year felony-firearm sentences, were a more reasonable punishment when compared to the trial court's imposed sentences. Defendant further argues that the disproportionate and unreasonable sentences for the felon-in-possession, felonious assault, and obstructing a police officer convictions were purely punitive, as opposed to rehabilitative or otherwise beneficial given defendant's history of substance use. We disagree.

Defendant's within-guidelines sentences were reasonable, appropriate, and proportionate given all of the facts and circumstances of this case. "[T]he relevant question for appellate courts reviewing a sentence for reasonableness" is "whether the trial court abused its discretion by violating the principle of proportionality . . . ." *Steanhouse*, 500 Mich at 471. Consequently, "the key test is whether the sentence is proportionate to the seriousness of the matter, not whether it departs from or adheres to the guidelines' recommended range." *Id*. at 472 (quotation marks and citation omitted). "When a trial court sentences a defendant within the guidelines' recommended range, it creates a presumption that the sentence is proportionate. However, unlike a mandate that an appellate court affirm a within-guidelines sentence, the presumption of proportionality may be overcome." *Posey*, ___ Mich ___; slip op at 37-38.

While defendant argues that his age and need for substance-abuse treatment are circumstances that render his within-guidelines sentences disproportionate, neither defendant's age (42) nor his addiction to controlled substances were particularly unusual circumstances, much less ones that render within-guidelines sentences disproportionate. See *People v Bowling*, 299 Mich App 552, 558-559; 830 NW2d 800 (2013) (noting the defendant's age was insufficient to overcome "the presumptive proportionality of his sentences, especially considering his lengthy criminal record and the gravity of his offenses"). Furthermore, the trial court explicitly addressed the possibility of probation as a penalty for the underlying offenses and determined that, while an upwards sentencing departure was unwarranted, probation was inappropriate in light of defendant's extensive criminal history. See *People v Powell*, 278 Mich App 318, 324; 750 NW2d 607 (2008) (stating that "[i]t is clear from defendant's criminal history that rehabilitation is not a realistic goal" and the defendant "failed to demonstrate anything about his rehabilitative potential that overcomes the presumption of proportionality"). The court was also particularly thoughtful in its review of the various contested sentencing variables, and its subsequent calculation reduced the original minimum sentencing guidelines range from 19 to 76 months to 14 to 58 months. Moreover, the trial court did not impose the discretionary maximum life sentence for the felon-in-possession conviction. The court's conduct throughout the sentencing hearing demonstrated it was not seeking purely punitive sentences, rather, the trial court thoroughly considered the circumstances of the underlying case to determine the appropriate penalties. Ultimately, defendant has failed to present any unusual circumstances sufficient to overcome the rebuttable presumption of proportionality.

## B. CRUEL AND UNUSUAL PUNISHMENT

The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." US Const, Am VIII. Similarly, the Michigan Constitution provides: "Excessive bail shall not be required; excessive fines shall not be imposed; cruel or unusual punishment shall not be inflicted; nor shall witnesses be unreasonably

detained." Const 1963, art 1, § 16. Moreover, "[t]he Michigan Constitution prohibits cruel *or* unusual punishment . . . whereas the United States Constitution prohibits cruel *and* unusual punishment." *Burkett*, 337 Mich App at 636 (quotation marks and citation omitted). Therefore, "[i]f a punishment passes muster under the state constitution, then it necessarily passes muster under the federal constitution." *Id*.

Defendant contends that the alleged disproportionality of his sentences constitutes cruel or unusual punishment. However, as noted, defendant has failed to overcome the presumption that his within-guidelines sentences are proportionate, and "a proportionate sentence is not cruel or unusual." *People v McFarlane*, 325 Mich App 507, 538; 926 NW2d 339 (2018) (quotation marks and citation omitted). Ultimately, because the sentences are presumptively proportionate, devoid of unusual circumstances, proportionate under *Milbourn*[2] and *Steanhouse*, and did not constitute cruel or unusual punishment, defendant is not entitled to relief.

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Kathleen Jansen
/s/ Thomas C. Cameron

---

[2] *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990), overruled by statute as recognized in *People v Armisted*, 295 Mich App 32, 51; 811 NW2d 47 (2011), adopted in *Steanhouse*, 500 Mich at 471-472.