*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

HANNAH JALISA ALLEN,

        Defendant-Appellant.

UNPUBLISHED
February 8, 2024

No. 359283
Berrien Circuit Court
LC No. 2020-003716-FH

ON REMAND

Before: RIORDAN, P.J., and MARKEY and REDFORD, JJ.

PER CURIAM.

Defendant pleaded guilty to making a terrorist threat, MCL 750.543m. The trial court imposed a sentence of 10 to 20 years' imprisonment, and defendant appealed by leave granted the judgment of sentence.[1] We affirmed in the previous appeal. *People v Allen*, unpublished per curiam opinion of the Court of Appeals, issued January 19, 2023 (Docket No. 359283). On application for leave to appeal filed in the Michigan Supreme Court, the Court vacated our prior decision to the extent that it was inconsistent with *People v Posey*, 512 Mich 317; ___ NW2d ___ (2023), but leave was denied in all other respects. *People v Allen*, 997 NW2d 204 (2023). We once again affirm.

In our earlier opinion, we stated:

> Pursuant to the guilty plea, defendant admitted that she sent multiple text messages to her employer's human resources manager in which she threatened to shoot and kill her coworkers at the company's plant. With respect to the scoring of the guidelines, the crime of making a terrorist threat is a Class B felony. See MCL 777.16bb. Defendant's total prior-record-variable (PRV) score was 45 points and

---

[1] *People v Allen*, unpublished order of the Court of Appeals, entered January 25, 2022 (Docket No. 359283).

-1-

her total offense-variable (OV) score was 40 points, which had been 45 points until the trial court reduced the score for OV 16 by five points on defendant's motion for resentencing. Defendant's minimum sentence guidelines range was set at 72 to 120 months' imprisonment. See MCL 777.63 (Class B grid; OV level IV and PRV level D). The trial court imposed a minimum sentence at the very top end of the guidelines range, 120 months (ten years). [*Allen*, unpub op at 1.]

We addressed and rejected defendant's arguments that there was a scoring error and that the sentence was invalid because it was based on misconceptions of law. *Id.* at 1-3. In its remand order, our Supreme Court denied leave with respect to these rulings. *Allen*, 997 NW2d at 204. But we also indicated and held as follows:

> Finally, defendant argues that the sentence imposed by the trial court was disproportionate to the circumstances surrounding the offense and the offender and that even though the sentence fell within the guidelines range—rendering the sentence presumptively proportionate—unusual circumstances existed that overcame the presumption. The unusual circumstances, according to defendant, consisted of two similar Michigan convictions that were punished without jail time as revealed in newspaper articles, along with the court's own previous encounter with violence in the courtroom that purportedly left it oversensitive to threats of violence. MCL 769.34(10) provides as follows:
>
>> If a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence. A party shall not raise on appeal an issue challenging the scoring of the sentencing guidelines or challenging the accuracy of information relied upon in determining a sentence that is within the appropriate guidelines sentence range unless the party has raised the issue at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in the court of appeals.
>
> "When a trial court does not depart from the recommended minimum sentencing range, the minimum sentence must be affirmed unless there was an error in scoring or the trial court relied on inaccurate information." *People v Schrauben*, 314 Mich App 181, 196; 886 NW2d 173 (2016); see also *People v Posey*, 334 Mich App 338, 356; 964 NW2d 862 (2020). In this case, we have disposed of the alleged scoring error and there is no claim of reliance on inaccurate information. Accordingly, the 10-year minimum sentence would generally not be subject to appellate review. In *Posey*, 334 Mich App at 357-358, this Court explained:
>
>> MCL 769.34(10) does not and cannot preclude constitutional appellate challenges to a sentence, e.g., an argument that a sentence constitutes cruel and unusual punishment. See *People v Powell*, 278 Mich App 318, 323; 750 NW2d 607 (2008)

-2-

(stating that MCL 769.34[10]'s limitation on review does not apply to claims of constitutional error); see also *People v Conley*, 270 Mich App 301, 316; 715 NW2d 377 (2006) ("It is axiomatic that a statutory provision, such as MCL 769.34[10], cannot authorize action in violation of the federal or state constitutions.").

We note that grossly disproportionate sentences may constitute cruel and unusual punishment. *People v Bullock*, 440 Mich 15, 32; 485 NW2d 866 (1992). However, there is a distinction between "proportionality" as it relates to the constitutional protection against cruel and unusual punishment, and "proportionality" as it relates to reasonableness review of a sentence, which is not constitutional in nature. *Id*. at 34 n 17 ("Because the similarity in terminology may create confusion, we note that the constitutional concept of 'proportionality' under Const 1963, art 1, § 16 [cruel or unusual punishment prohibition] is distinct from the nonconstitutional 'principle of proportionality' discussed in *Milbourn*,[2] although the concepts share common roots."). A sentence within the guidelines range is presumptively proportionate, and a proportionate sentence is not cruel or unusual punishment. *Powell*, 278 Mich App at 318. A defendant can only overcome that presumption by presenting unusual circumstances that would render a presumptively proportionate sentence disproportionate. *People v Bowling*, 299 Mich App 552, 558; 830 NW2d 800 (2013). [Ellipses omitted; alteration in original.]

In this case, defendant has not framed her argument in constitutional terms. There is no assertion that the 10-year minimum sentence constituted cruel or unusual punishment. Accordingly, MCL 769.34(10) dictates that we affirm the sentence. Moreover, even upon substantive consideration, we conclude that defendant's arguments about the trial court's purported trauma from courtroom violence and about the two other court cases in Michigan, aside from being evidentially flawed, simply do not establish unusual circumstances attendant to this particular case. The 10-year minimum sentence was proportionate and not cruel or unusual. [*Allen*, unpub op at 3-4 (alterations in original).]

While defendant's application for leave to appeal in the instant case was pending in the Michigan Supreme Court, the Supreme Court issued its opinion in *Posey* wherein it declared that the first sentence of MCL 769.34(10) is unconstitutional. *Posey*, 512 Mich at 326 (lead opinion by BOLDEN, J., joined by BERNSTEIN, J.), 361 (CAVANAGH, J.), 376 (WELCH, J.). On remand to this

---

2 *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990) (The "principle of proportionality . . . requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender.").

Court, the *Posey* panel, noting the mix of opinions issued by the Justices, summarized the Supreme Court's ultimate holding as follows:

> Furthermore, the latter three Justices agreed with Justice BOLDEN's pronouncements in her lead opinion that within-guidelines sentences are to be reviewed for reasonableness, that reasonableness review requires a determination whether a sentence was proportionate, that there is a nonbinding presumption of proportionality, meaning that a within-guidelines sentence is not binding on the Court of Appeals, that the defendant bears the burden of demonstrating that their within-guidelines sentence is unreasonable or disproportionate, and that a within-guidelines sentence may indeed be disproportionate or unreasonable. [*People v Posey (On Remand)*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 345491); slip op at 2 (quotation marks and citations omitted).]

With respect to reasonableness review, our Supreme Court in *People v Steanhouse*, 500 Mich 453, 459-460; 902 NW2d 327 (2017), explained:

> [T]he proper inquiry when reviewing a sentence for reasonableness is whether the trial court abused its discretion by violating the principle of proportionality set forth in *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990), which requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender. [Quotation marks omitted.]

"An appropriate sentence should give consideration to the reformation of the offender, the protection of society, the discipline of the offender, and the deterrence of others from committing the same offense." *People v Boykin*, 510 Mich 171, 183; 987 NW2d 58 (2022). "The premise of our system of criminal justice is that, everything else being equal, the more egregious the offense, and the more recidivist the criminal, the greater the punishment." *People v Babcock*, 469 Mich 247, 263; 666 NW2d 231 (2003). The key test is not whether a sentence departs from or adheres to the guidelines range but whether the sentence is proportionate to the seriousness of the matter. *Steanhouse*, 500 Mich at 472. With respect to proportionality, the Supreme Court in *Milbourn*, 435 Mich at 668, "observed that the Legislature has determined to visit the stiffest punishment against persons who have demonstrated an unwillingness to obey the law after prior encounters with the criminal justice system."

In this case, the trial court imposed a minimum prison sentence at the very top end of the guidelines range—ten years—for the terrorist-threat conviction, reasoning as follows:

> [T]he purpose of my sentence is punishment, protection of the community, deterrent, reparation and restitution. Ms. Allen, the problem in your case for me is this, what you did is terrorize this whole company, every one of your fellow employees. Now I know you haven't been working there very long but if I understand it you were up against a wall when everybody else was freaking out thinking they're about to have somebody come in and shoot them. And you just sat there and you didn't say anything. And I look at your record and honestly, what stood out to me more than anything is that false report of a commission of a crime

-4-

back in 2019. You knew the effect of making a false report. I don't know if you thought it was funny, I know you said it was stupid, you're right it really was stupid on your part to do this but oh my God was it serious. And I can tell you from personal experience here in the Berrien County Courthouse an inmate got a gun and went through the entire courthouse and ended up killing two of our bailiffs. So, when somebody calls and says, somebody's gonna come in and start shooting up the place where you worked, I know that feeling that owner of that company said because I felt that. I know that feeling. This was really, really, serious in particular[] given . . . the other criminal offenses that you had. . . . I do believe the sentencing guideline range does call for a sentence at the maximum and I am going to impose that.

As indicated earlier, defendant argued that the sentence of 10 to 20 years' imprisonment for making a terrorist threat was disproportionate because there were two similar Michigan convictions that were punished without jail time as revealed in newspaper articles and because the trial court's own previous encounter with violence in the courthouse left it overly sensitive to threats of violence. We conclude that these arguments are inadequate for purposes of meeting defendant's burden to overcome the nonbinding presumption of proportionality as to her within-guidelines minimum sentence.

As acknowledged by defendant, she has no background information or PSIRs regarding the defendants in the newspaper articles who made death threats against a handful of prominent political figures. In this case, the PSIR reveals that 75 of defendant's coworkers were terrorized by her threats of gun violence and murder. And at the sentencing hearing, victim statements were made regarding the high level of fear and stress that was felt by employees and management alike as a result of defendant's threats.[3] The deleterious impact on the emotional health of defendant's coworkers was real. Moreover, defendant has six misdemeanor convictions and, according to the PSIR, when defendant committed the instant offense, she was on felony probation stemming from an arson conviction in Virginia. As mentioned by the trial court, one of defendant's misdemeanor convictions was for making a false report to law enforcement about the commission of a crime. In light of defendant's criminal history and the widespread anxiety and distress touched off by her

---

[3] One of the individuals stated:

> [T]he fear, the stress, the sleepless nights and the mental exhaustion I've endured since October 27, 2020 never seems to end. The fear I saw in my employees [sic] eyes is something I will never forget as the police swarmed our building for a possible threat of an active shooter. This has affected my employees emotionally and mentally. They trust me to keep them safe.

Another person informed the trial court:

> When I look back at the terroristic threats that were made, I think about the facial reaction of the employees. What I saw in our employee's faces was horror and worry. Many employees expressed to me that they did not feel safe to come to work.

homicidal threats, the two cases involving death threats against politicians do not in any way undermine the 10-year minimum sentence imposed by the trial court in this case.

With respect to the trial court's past encounter with violence in the courthouse, we find nothing improper regarding the court's comments at defendant's sentencing about the shooting incident that left two bailiffs dead and a deputy injured. The trial court's heartfelt remarks simply reflected the objectively reasonable view that threats of violence must be taken seriously as there can be devastating consequences if the threats come to fruition. Moreover, we fail to see or understand how the tragedy that unfolded at the courthouse and experienced by the trial court renders defendant's sentence unreasonable and disproportionate. There is no logic to defendant's argument. Were we to assume that the trial court imposed a lengthier minimum sentence than would have been imposed by another judge because of the courthouse shooting, it simply does not translate into a basis to find that defendant's sentence violated the principle of proportionality. We hold that defendant's 10-year minimum prison sentence was proportionate to the circumstances surrounding the offense and the offender.

We affirm.

/s/ Michael J. Riordan
/s/ Jane E. Markey
/s/ James Robert Redford