*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

BRAD JOSEPH GNIEWEK,

        Defendant-Appellant.

UNPUBLISHED
February 29, 2024

No. 353635
Tuscola Circuit Court
LC No. 18-014425-FC

## ON REMAND

Before: SWARTZLE, P.J., and K. F. KELLY and REDFORD, JJ.

PER CURIAM.

This case returns to us on remand from our Supreme Court for reconsideration of defendant's arguments concerning the reasonableness of his sentence in light of the Court's decision in *People v Posey*, 512 Mich 317; ___ NW3d ___ (2023). *People v Gniewek*, ___ Mich ___; 998 NW2d 670 (2024).[1] Finding no errors warranting reversal, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

A jury convicted defendant of nine counts of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(f) (sexual penetration accomplished by force or coercion and causing personal injury), and the trial court sentenced defendant to 23 to 60 years' imprisonment for each conviction, and ordered that the sentence for the first count be served consecutively and preceding the sentence for the second count with the remaining sentences to be served concurrently. The charges arose from defendant's violent and coercive sexual abuse over a decade of his then wife, CC, who ultimately fled from defendant with their children in 2015, went into hiding, reported the crimes to the police, and divorced defendant. CC testified at trial regarding the heinous crimes that defendant committed against her and the fear and panic he instilled in her.

---

[1] In all other respects, the Court denied defendant leave to appeal. *Id.*

## II. ANALYSIS

On appeal, defendant argues that the trial court imposed disproportionate and unreasonable sentences. Defendant's sentences for each count of which the jury found him guilty, however, fall within the applicable sentencing guidelines range of 171 to 285 months (i.e., 14.25 years to 23.75 years). When we first addressed this claim of error, we concluded that, under MCL 769.34(10) and *People v Schrauben*, 314 Mich App 181, 196; 886 NW2d 173 (2016) and *People v Anderson*, 322 Mich App 622, 636-637; 912 NW2d 607 (2018), because defendant's sentences are within the guidelines range, they were not subject to review for reasonableness.[2] Our Supreme Court held and clarified in *Posey*, 512 Mich at 359, that this Court must review within-guidelines sentences for reasonableness. Accordingly, we now address defendant's claim of error in this regard.

When reviewing a sentence for reasonableness, our role is to assess whether the trial court abused its discretion by violating the "principle of proportionality" in fashioning the sentence. *People v Steanhouse*, 500 Mich 453, 459-460; 902 NW2d 327 (2017). Within-guidelines sentences are presumptively proportional but are reviewed for reasonableness. *Posey*, 512 Mich at 359. The defendant bears the burden of demonstrating that the within-guidelines sentence is unreasonable and disproportionate. *Id.* In *Steanhouse*, 500 Mich at 459-460, our Supreme Court explained:

> [T]he proper inquiry when reviewing a sentence for reasonableness is whether the trial court abused its discretion by violating the "principle of proportionality" set forth in *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990), "which requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender."

Appropriate sentences indicate that the sentencing court gave "consideration to reformation of the offender, the protection of society, the discipline of the offender, and the deterrence of others from committing the same offense." *People v Boykin*, 510 Mich 171, 183; 987 NW2d 58 (2022). In *People v Babcock*, 469 Mich 247, 263; 666 NW2d 231 (2003), our Supreme Court explained that the "premise of our system of criminal justice is that, everything else being equal, the more egregious the offense, and the more recidivist the criminal, the greater the punishment." Although *Posey* requires us to analyze defendant's sentence for reasonableness, *Posey* did not change the fundamental principle articulated in *Babcock*.

In this case, we hold that the trial court did not abuse its discretion by imposing 23 to 60 years' imprisonment for each conviction and ordering that the sentence for the first count be served consecutively and preceding the sentence for the second count with the remaining sentences to be served concurrently. Defendant's minimum sentences serve the purposes of (1) protecting society from a vicious individual, (2) appropriately disciplining defendant for his heinous, violent, and coercive conduct, perpetrated against the victim for over a decade, and (3) deterring others from engaging in similar criminal behavior.

---

[2] *People v Gniewek*, unpublished per curiam opinion of the Court of Appeals, issued January 13, 2022 (Docket No. 353635), p 21.

CC testified at trial in great detail regarding the repeated violent sexual attacks she endured during her marriage to defendant which included being slapped, forced into different sexual positions, forced to engage in rough sex, subjected to pain and physical suffering, denied medical treatment, forced to submit to his biting her nipples and biting her vaginal area, forced to perform oral sex, violently thrusting his penis into her vagina, bruising her vaginal area so that it hurt for several days, forcibly shoving his fingers into her vagina, yelling at her when she asked him to stop, never stopping despite her pleading and telling him that he was hurting her. CC also testified that defendant inflicted psychological abuse frequently and lasting a prolonged duration including by threatening to inflict violence upon the children and physically harm them, by threatening to take their children away, and by threatening CC with physical harm if she did not learn to like his sexual abuse. CC testified that, year after year, defendant coerced her into submitting to his sexual demands and abuse, and he mentally manipulated her to believe that, as his wife, she could not refuse his sexual and emotional abuse but had to endure the trauma without question or regard for her own safety and mental health.

The record establishes that the trial court considered the seriousness of the circumstances surrounding the offense and the offender. The court heard defendant's allocution during which defendant contended that he suffered enough, changed his life, and then pleaded for leniency. The court also heard CC provide her victim impact statement which provided a detailed description of how defendant terrorized her and the children and took pleasure in doing so and isolated them from society, family, and friends. She described how defendant committed brutal sexual assaults, degradation, physical violence, and aggression against her thousands of times that caused her to fear for her life. CC also described how defendant threatened harm to the children which caused CC stress and fear for the children's safety. CC explained that she had nightmares and anticipated her and the children having to deal with for years to come the consequences of defendant's abuse. She explained that defendant remained cruel, deceitful, and dangerous. CC pleaded with the court to keep her and the children safe and that the court impose an appropriate long sentence.

The trial court explained at defendant's sentencing that it reviewed defendant's presentence investigation report which included defendant's description of the offense, the prosecution's sentencing memorandum, defendant's sentencing memorandum, and stated that it presided over defendant's jury trials that resulted in the verdict in which the jury found defendant guilty as charged. The court noted that each of the charged offenses carried a maximum penalty of life in prison. The court explained that the offenses did not permit probation. The court stated that it found CC's trial testimony credible. The court expressed how defendant's criminal conduct impacted the parties, the family members, the community, and CC's friends, among others. The court stated that it found the abuse against CC in its viciousness, frequency, and duration inconceivable and that defendant perpetrated a level of terror. The court recognized defendant's right to deny wrongdoing but considered that his lack of remorse or empathy as indicative that the court had no assurance that defendant could be rehabilitated and assure that he would not engage in the same or worse behavior. The court stated that it needed to protect the county's citizens. The court noted that defendant was a vicious and sadistic abuser who masqueraded as a good man. The court imposed its judgment to prevent defendant from harming CC and the children again. The court imposed the consecutive sentence under MCL 750.520b(3).

The record in this case convincingly establishes that the trial court considered the seriousness of the circumstances surrounding the offenses and the offender and imposed

reasonable and proportionate sentences for the crimes of which the jury found defendant guilty beyond a reasonable doubt. Defendant argues that his sentences are disproportionate and amount to cruel and unusual punishment. As we previously explained in *Gniewek*, unpub op at 21-22, a proportionate sentence is neither cruel nor unusual. *People v Powell*, 278 Mich App 318, 323; 750 NW2d 607 (2008); see also *People v Bowling*, 299 Mich App 552, 558; 830 NW2d 800 (2013). Defendant argues that the trial court's consecutive sentencing resulted in unreasonable and disproportionate sentences. We find no merit to his contentions in this regard. As we previously explained:

> [W]here consecutive sentences are imposed, the appropriate inquiry is whether each individual sentence is proportionate, not the aggregate amount of time of the combined sentences. *People v Baskerville*, 333 Mich App 276, 291; 963 NW2d 620 (2020). In *Baskerville*, this Court explained that, "because the individual sentences do not exceed the maximum punishment allowed for each sentence, which is life imprisonment, . . . the aggregate of the sentences is not disproportionate." In this case, violation of MCL 750.521b(1)(f) carries a maximum sentence of life in prison under MCL 750.521b(2)(a). Therefore, because the individual sentences do not exceed the maximum punishment allowed for each sentence, the aggregate of the sentences is not disproportionate. [*Gniewek*, unpub op at 22.]

The record in this case confirms that evidence established that defendant abused CC for over a decade and he persuaded her that he could sexually assault her without legal consequence. He violently and forcefully sexually assaulted her and inflicted emotional trauma without concern. The trial court properly sentenced defendant to protect society and to appropriately discipline defendant for his heinous, violent, and coercive criminal conduct, and with an eye to deter others from engaging in similar criminal behavior. Accordingly, the trial court did not err and defendant is not entitled to resentencing.

Affirmed.

/s/ Brock A. Swartzle
/s/ Kirsten Frank Kelly
/s/ James Robert Redford